ROMINE v. FRANK, ADMINISTRATRIX, ETC.

[No. 18,424.   Filed April 29, 1954.]

466

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■

*Otis S. Romine, pro se,* of South Bend.

*Joseph J. Hemphling,* of South Bend, for Jacob Gilbert.

*Arthur L. May* and *Crumpacker, May, Beamer, Levy & Searer,* of South Bend, for appellee.

BOWEN, J.—This is an appeal from a judgment on a claim against an estate for attorney's fees. In such action the court below allowed appellant the sum of $250 as attorney's fees. Appellant filed a motion for a new trial on the grounds (1) that the court erred in its assessment of recovery, it being too small, and (2) that the decision is not sustained by sufficient evidence and is contrary to law. Sole error assigned for reversal is the action of the lower court in overruling appellant's motion for a new trial.

The appellant urges certain alleged errors in his brief as to rulings of the lower court in admitting and excluding certain evidence. However, the appellant's motion for a new trial does not set forth such alleged errors nor are the questions and answers nor the substance thereof, nor the objections made, nor the rulings of the court thereon, set forth in his motion for a new trial. Therefore, the assignments of error based upon the admission and exclusion of evidence are not properly before this court for review in this appeal. *Tompkins v. Smith* (1952), 122 Ind. App. 502, 106 N. E. 2d 487; *Coleman* v. *New York, Chi. & St. L. R. R. Co.* (1951), 121 Ind.

App. 616, 101 N. E. 2d 721; *Beatty* v. *McClellan* (1951), 121 Ind. App. 242, 96 N. E. 2d 675.

From the record it appears that the appellant, an attorney who had his office in his home and his mailing address at the Elks Club, met one Jacob Gilbert, the brother-in-law of decedent, on January 21, 1950, in the Elks Club dining room and Gilbert told him he had been admitted to the bar but had never actively practiced law, and that his brother-in-law had died on January 18, 1950, and that he would like to have appellant help him, to which appellant replied that he would tell him what to do from start to finish. A few days later Jacob Gilbert told appellant that he was charging appellee, administratrix of decedent's estate, and his sister, no fee for the administration of the estate. Subsequent to this, on February 14, 1950, the appellant went to the home of appellee administratrix and asked her to give him some money and she gave him a check for $100. This was the only time appellant talked with appellee or discussed matters regarding the estate. Shortly thereafter, appellee went to Florida and appellant, sometime in March 1950, received a letter from Jacob Gilbert in Miami, Florida, in which Jacob Gilbert said, "Don't do anything more in regard to this estate until I see you." After receipt of the letter appellant did nothing more in regard to the estate. Appellant did not prepare the application for letters of administration or the bond and oath of administratrix or the Indiana inheritance tax schedule. Appellant prepared the Federal estate tax preliminary notice, and he filed the inventory and appraisement of personal property in such estate. Appellant did not become the attorney of record in such estate. In conversations with Gilbert, appellant advised him of steps to be taken in connection with the opening and administration of such estate, and procured the forms from the

Clerk's office, including the application for letters, and the administratrix's bond and oath. Appellant also assisted in the appraisement of certain property of the estate.

The record in this case discloses a situation in which a member of the Bar, who was a brother of the decedent's widow, administratrix of decedent's estate, engaged the appellant to assist him in the settlement of the decedent's estate. This arrangement entered into as hereinbefore set forth was terminated after the filing of the inventory and appraisement of personal property in such estate. Thereafter the appellant filed his claim for attorney's fees against the estate. The court heard evidence on the issues formed on appellant's claim. The appellant's evidence consisted of the testimony of the appellant himself, Otis Romine, and certain exhibits introduced into evidence by him. Appellant testified regarding the fee schedule with reference to decedents' estates in the county in question, and testified on direct and cross examination as to the services performed for the estate. Evidence introduced on behalf of appellee consisted of testimony of one F. J. Nimtz, Chairman of the fees committee of the St. Joseph County Bar Association, who testified that the reasonable value of the services performed by the appellant for the estate amounted to $125. Thus, in the court below, there were two witnesses as to reasonable compensation for the services performed by the appellant. This testimony was in conflict and the court determined from such evidence that a reasonable fee for appellant's services in this matter would be $250. The court made such allowance in accordance with the provisions of the statute, §7-413, Burns' 1953 Replacement.

It does not appear to this court that the determination of the amount of compensation to be paid to

appellant for attorney's fees as ordered by the court below was unreasonable nor that the court abused its discretion with reference thereto.

In support of the assigned errors appellant urges that the facts of the instant case call for the application of the joint undertaking rule as to attorney's fees. Such rule, as announced in some jurisdictions, provides that where two attorneys undertake to render legal services, in the absence of any agreement as to fees, each are entitled to share equally in the compensation. Appellant insists that the present case is one where an attorney has employed another and that such agreement constitutes a joint venture or special partnership in accordance with the rule as set forth in *Underwood* v. *Overstreet* (1920), 188 Ky. 562, 223 S. W. 152; 10 A.L.R. 1352; 7 C.J.S.§174, p. 1038. However, there is nothing within the record of the present case to bring it within such rule in that it is not shown that a contract or undertaking existed which would extend beyond the services which were actually performed by the appellant and for which the court has allowed appellant a reasonable sum. There is no showing of any fees earned by appellant or Gilbert, the attorney who engaged him, which would create a fund or obligation on the part of the estate to which such rule as to the sharing of such compensation might be applicable.

The court did not err in its assessment in the recovery and the decision of the lower court is sustained by sufficient evidence and is not contrary to law.

We find no reversible error and the judgment is therefore affirmed.

NOTE.—Reported in 118 N. E. 2d 900.