MUSTAFOV *v.* METROPOLITAN LIFE INSURANCE CO.

[No. 18,634. Filed April 15, 1955.]

*William Belshaw, Benedict R. Danko* and *Green, Powers & Belshaw,* of counsel, all of Whiting, for appellant.

*Charles G. Bomberger* and *Bomberger, Morthland & Royse,* of counsel, all of Hammond, for appellee.

PFAFF, J.—Appellant brought this action against appellee to collect the proceeds of a certain life insurance policy issued on the life of one Jim Allie, deceased. Her complaint averred she was the wife of said decedent and entitled to said proceeds under the provision of the policy. Trial to the court resulted in finding and judgment in favor of appellee.

The error relied upon by appellant for reversal is, that the court erred in overruling her motion for a new trial.

Appellant's motion for a new trial contains sixteen specifications of error.

Specification No. 1 charging insufficiency of the evidence is unavailable, because the decision was adverse to the appellant who had the burden of proof. *Granger's Estate et al.* v. *Gosport Cemetery Association* (1954), 124 Ind. App. 686, 118 N. E. 2d 386. (Transfer denied.)

Specifications 8, 9, 12, 13 and 14 are expressly waived by the appellant.

Specification No. 3 charges that the court erred "in failing to take judicial notice" of certain estate proceedings of which the court has cognizance. The specification is too broad, indefinite and general to present any question. It refers to no specific ruling or action by the court which is claimed to be erroneous, nor does it exemplify how the issues were

raised, whether by motion, by rejection of offered evidence, or by some other manner or procedure.

Specifications 4, 5, 6, 7, 10 and 11 predicate error on the refusal of the court to permit certain named witnesses to testify concerning specified matters. Each of these specifications is insufficient to present the asserted error for review. The questions put to the witnesses, the objections made thereto, the rulings of the court thereon, and the offer to prove, if any, are not set forth in said motion. Therefore, no question is presented as to these specifications. *Fuehring et al.* v. *Union Trust Company of Indianapolis et al.* (1946), 117 Ind. App. 246, 248, 249, 69 N. E. 2d 141; *Inter-Ocean Casualty Company* v. *Wilkins* (1932), 96 Ind. App. 231, 182 N. E. 252.

Specification No. 15 complains of the admission and reading into evidence of a deposition taken by appellee over the objection to the materiality and relevancy of the exhibits incorporated therein. The deposition referred to is unidentified. The objectionable exhibits are unidentified either by copy or in substance, and the objection to the deposition is not set out either by copy or in substance. If error is based upon the erroneous admission in evidence of an exhibit, a copy or the substance of the exhibit must be contained in the motion for a new trial. Flanagan, Wiltrout & Hamilton, Indiana Trial & Appellate Practice, §1977, p. 480; *Inter-Ocean Casualty Company* v. *Wilkins, supra.* This specification presents no question.

Specification No. 16 asserts error in admitting certain exhibits in evidence over appellant's objections. What such exhibits purported to be or the grounds of objection are not disclosed. This specification is subject to the same infirmities as are pointed out above with reference to Specification No. 15, and is inadequate to present any question for review.

The only undisposed-of specification in appellant's motion for a new trial is specification No. 2, that the decision of the court is contrary to law. The determination of this ground for a new trial requires a consideration of the evidence. Appellant's condensed recital of the evidence makes no reference to the lines and pages of the transcript where the particular evidence of each witness may be found; the various material exhibits referred to in the evidence are not set out either by copy or in substance; some exhibits, such as decedent's last will and testament, are omitted entirely; and the insurance policy or the particular clause thereof upon which appellant bases her right to the proceeds of the policy is nowhere set out either in full or in substance in the evidence. Appellee's answer admitted a group life insurance policy was issued to the Sinclair Refining Company and that the deceased was insured thereunder in the sum of $4,000, but denied that the appellant was entitled to the proceeds of said policy. Thus appellant was required to prove the policy provision.

There is evidence in appellant's condensed recital to the effect that the group insurance certificate of the deceased was lost or destroyed. However, we do not find from such recital that any evidence was offered or proved by appellant, either oral or documentary, of the wording, the context, or the substance of either the master policy or the missing group certificate under which appellant alleged the insurance proceeds were payable to her as the lawful wife of the decedent.

From appellee's brief we learn of conflicts in the evidence which do not appear in appellant's brief and from which the court could have concluded, as it apparently did, that appellant had failed to establish that she was the wife of the decedent at the time of his decease, or that she was the Bessie

Allie who, as appellant alleges in her complaint, was the person named in the insurance certificate as the beneficiary thereof under the designation "my wife."

It seems clear from what we have said and the record before us, that we cannot say the decision of the court was contrary to law. Appellant has pointed out no reversible error, nor has she shown that the court denied her relief to which, under the evidence, she was entitled.

We have carefully examined and considered the evidence appearing in the record. The evidence was conflicting as to the material issues and there is evidence from which the court could have concluded that appellant, who bore the burden of proof, failed to sustain the material allegations of her complaint.

Judgment affirmed.

NOTE.—Reported in 125 N. E. 2d 824.