OSTROWSKI ET AL. *v.* ESTATE OF OSTROWSKI, DECEASED, ET AL.

[No. 18,675. Filed January 10, 1956. Rehearing denied February 16, 1956. Transfer denied April 11, 1956.]

414

*Jay E. Darlington,* of Hammond, for appellants.

*Galvin, Galvin & Lenney,* of Hammond, for appellees.

ROYSE, C. J.—The appellants are seven adult children of Joseph Ostrowski, Sr., Deceased. They each filed a claim in their father's estate to recover the reasonable value of services performed by them for him in his lifetime after they became adult.

The appellee Executor disallowed the claims. They were transferred to the civil docket as civil actions, were consolidated by agreement for trial and future proceedings, and were tried collectively by jury.

Verdicts were returned against all seven claimants. From the overruling of their several motions for new trial, they appeal.

The only specification of the motion for a new trial not specifically waived is the third, which charges misconduct of the prevailing party consisting of the fact that the appellee, his counsel, and decedent's widow engaged in a course of conduct during the trial which would and did create in the minds of the jury emotional

sympathy for the widow and dislike for the appellants and did divert the minds of the jury from the real issue.

This specification of the motion with supporting affidavits and counter-affidavits take up about sixteen pages of appellants' brief. For the purpose of this opinion we summarize the specific acts charged:

(a) The widow came to trial accompanied by an elderly priest in clerical garb. When witnesses were ordered separated the priest stayed with her in the corridors. He came to the court room when the widow testified. He stayed with her during arguments to the jury; all this done with knowledge and approval of executor and his counsel.

(b) On the 4th day of trial the widow, with the approval of executor and his counsel, took her fourteen-year old son by decedent out of school and had him accompany her to court during three days of trial. At or near the close of the time the widow testified the executor and his counsel introduced this fourteen-year old boy to the jury in open court from counsel's table.

(c) Widow testified as to her life with decedent. When discussing decedent's death she appeared to be on the verge of tears. Says this was in contrast with statements in her deposition. These were not in evidence or pertinent.

(d) While widow was on stand purportedly in tears, the executor, sitting at counsel table in the presence of the jury, also purported to be moved to tears by taking out his handkerchief on one occasion and wiping his eyes.

Following the widow on the stand was the executor who, according to his testimony had practiced law for forty years, who abused his position as a witness for the Estate by injecting irresponsive and prejudicial matters, including the following: By referring to appel-

lant Bernard Ostrowski as being the one "who's the engineer of the whole thing". This was stricken out by the court on appellant's motion. (2) That on voir dire he said the subject of settling any of these claims was not discussed. Further, he said Bernard, speaking for appellants, offered the widow $10,000 "if she would turn the rest over to them" and saying "if she will not accept the $10,000 then we will see the lawyers have it rather than her." (3) Allegedly prejudicial statements in reference to rent.

(e) Prejudicial and inflammatory argument of executor's counsel to the jury.

Pursuant to Rule 1-15, Rules of the Supreme Court, affidavits of certain appellants and their counsel were filed in support of these averments.

Counter-affidavit of executor denies allegations made against him and says appellants did not make any objections to trial court because of alleged misconduct.

Affidavit of widow categorically denies all charges made in motion and affidavit for new trial.

Affidavit of Galvin denies charges and avers appellants made no objections in the trial court to the things complained of.

In the record before us there is no bill of exceptions containing the evidence introduced in this case, nor is the argument of counsel in the record. Appellants admit they made no objections to the alleged misconduct. They did not request the court to admonish the jury to disregard the alleged misconduct. They made no motion to withdraw the submission of the case from the jury. The question of such misconduct was raised for the first time in their motion for a new trial.

In the case of *King et al.* v. *Ransburg* (1942), 111 Ind. App. 523, 532, 39 N. E. 2d 822 (Transfer denied), this court said:

"It is to be remembered that attorneys are officers of the court wherein they are engaged in representing their clients and their conduct is at all times subject to the supervision of that court. The judge of that court sits in the presence of the happenings there. He observes what occurs and its effect upon the jurors. Courts of review do not have such advantage. Isolated scenes tend to take on an importance entirely out of proportion to their place in the whole drama when first seen by a stranger, recorded in the cold print of the review record away from the warm atmosphere of the trial arena. So we have the sound rule that the decision of the trial court on matters of alleged misconduct of counsel will not be disturbed unless it appears that the trial court has abused its discretion and the complaining party has been harmed thereby".

For many years it has been well settled in this jurisdiction that to reserve a question on appeal of misconduct on the part of counsel or the parties it is necessary:

"(1) To promptly interpose and state their objection, if reasonably required, to the objectionable language or argument, and request the court to so instruct the jury as to counteract any harmful effect of such language or argument, and if granted, and such instruction was not sufficient to cure the error, follow such action by a motion to have the submission set aside; (2) to promptly object to the improper language or argument of counsel, and move to set aside the submission, stating reasons why the harm done could not be cured by any action the court might take in the matter".

*Gamble* v. *Lewis* (1949), 227 Ind. 455, 467, 85 N. E. 2d 629; *Umbstead et al.* v. *Preachers' Aid Society of the Northwest Conference of the Methodist Episcopal Church* (1944), 223 Ind. 96, 103, 58 N. E. 2d 441; *Ramseyer, Executor, et al.* v. *Dennis* (1918), 187 Ind.

420, 439, 440, 116 N. E. 417, 119 N. E. 716; *Citizens Street Railroad Company* v. *Stockdell* (1902), 159 Ind. 25, 27, 62 N. E. 21; *Staser et al.* v. *Hogan et al.* (1889), 120 Ind. 207, 222, 21 N. E. 911, 22 N. E. 990.

Appellants did not properly reserve the question of the alleged misconduct of the parties at the trial of this action.

As stated in *Gamble* v. *Lewis, supra:*

"We cannot permit litigants to gamble on the possibility of a favorable verdict, and after an adverse verdict has been returned set it aside on appeal when the losing parties failed to move that the submission be set aside when the alleged error occurred."

Judgment affirmed.

NOTE.—Reported in 131 N. E. 2d 345.