WHITE ET AL. v. LAFOON.

[No. 19,616. Filed September 16, 1963.]

*Sanford Trippet* and *Arthur S. Wilson,* both of Princeton, for appellants.

*Weyerbacher, Lacey & Rideout* and *McDonald & Mc-Donald,* of Boonville, for appellee.

KELLEY, J.—Appellee's claim against the appellant estate and administrator was tried by jury and resulted in a verdict for appellee in the sum of One Thousand ($1,000.00) Dollars and costs. Consistent judgment was rendered on the verdict.

Appellants' motion for a new trial, overruled by the trial court, consisted of ten (10) specifications. Specification 1 contained three (3) sub-clauses, designated a., b., and c.; specification 2 contained one (1) sub-clause, designated a.; and specification 10 contained ten (10) sub-clauses, designated a, b, c, d, e, f, g, h, i, and j.

Specifications 1a and 1Cb., c., d., e., h., i. and j., are not argued and are deemed waived. Specification 4 is not a proper specification of error but involves the same matter as specification 3. Specifications 7 and 8 are not proper specifications of error but constitute the same matter as specifications 5 and 6, respectively. Specification 9 is a duplication of specification 8. Specification 10a., is a duplication of specification 2a.

In addition to assigning as error the action of the court in overruling their motion for a new trial, appellants assign error (1) in the overruling by the court of their motion to make appellee's statement of claim more definite, certain and

specific, and (2) error of the court in "refusing to order . . . claimant (appellee) . . . to file a cost bond" on motion of appellants. Said assignment of error (1) is not supported by any argument nor does appellants' brief or the transcript contain a copy of the motion or show the court's ruling thereon. Said assignment of error (2) is not relied upon or argued by appellants. The brief of the latter states: "Motion granted and said claimant was ordered to file a cost bond." In the absence of a record showing to the contrary, it must be assumed that the said order of the court was complied with.

Only specifications 1b., c., 2a., 3, 5, 6, and 10f., g., are left for consideration.

Specification 1b., asserts error in that the court "abused its discretion by its remarks made in the presence of the jury" concerning alleged "unfair tactics" of appellants' counsel. We do not find in appellants' brief any reference to the filing by them of any special bill of exceptions containing the referred to remarks of the judge in the presence of the jury which appellants assert to be objectionable. In appellants' motion for a new trial and in the argument portion of their brief, certain statements are put in quotes as having been uttered by court and the several counsel, but there is no reference to any part of the record showing any objections made by anyone to any of such statements. It appears from the new trial motion that the court may have given some kind of an instruction to the jury concerning the matter but said instruction, if given, is not set forth in appellants' brief nor is any objection thereto found in appellants' brief. We find no motion in appellants' brief that the objectionable remarks be withdrawn with appropriate admonition to the jury nor does there appear any motion

by appellants for a mistrial or that the submission of the cause to the jury be withdrawn. It follows that appellants have failed to demonstrate error as charged in said specification 1b. *Fabian* v. *Goldstone et al.* (1952), 123 Ind. App. 49, 53, 103 N. E. 2d 920; *Smith, Alias Wilson* v. *State of Indiana* (1960), 241 Ind. 1, 14, pts. 12 and 13, 168 N. E. 2d 199.

By Specification 1c., appellants allege that the court abused its discretion "by failing to provide and require an official reporter of competency to take down in shorthand the oral evidence given in the trial of the cause." It appears that an Edison Voice Writer recording machine was used in taking down the oral evidence and that the official shorthand Court Reporter transcribed the evidence from the machine. Appellants show no objection made by them to the use of the machine nor any request or motion by them to the court at the time of the trial that the oral evidence be taken down in shorthand by the official reporter. Where no request is made for the appointment by the court of an official reporter to take down the oral evidence in shorthand, the failure of the court to appoint such reporter for such purpose is not a valid reason for a new trial. *Rudisell* v. *Jennings* (1906), 38 Ind. App. 403, 407, pt. 5, 77 N. E. 959; *Chicago & Southeastern Railway Company* v. *McEwen* (1904), 35 Ind. App. 251, 259, 71 N. E. 926. Appellants have established no error by said Specification 1c.

Specification 2a., of appellants' motion for a new trial, asserts that "Error resulted from misconduct of one of claimants' counsel" when he commented, in his closing argument, on appellants' exercise of a peremptory challenge of one of the members of the jury panel. From the briefs it appears that appellants objected to the statements made by appellee's

counsel to the jury and requested the court to "instruct the jury to disregard" such statements and "that they were not proper and that they should not be considered by the jury." The court immediately instructed the jury, as requested, and no further action or objection relative to the matter was taken or made by appellants. If appellants deemed the instruction insufficient to cure the error, they were required, in order to raise and preserve the question on appeal, to move to set aside the submission, stating their reasons why the asserted harm was not corrected by said instruction. *Kelley* v. *Hocutt, by next friend, etc.* (1955), 125 Ind. App. 617, 620, pts. 2, 3, 128 N. E. 2d 879; *Ostrowski et al.* v. *Estate of Ostrowski et al.* (1956), 126 Ind. App. 413, 416, 417, 418, 131 N. E. 2d 345, 347; *Oppenheimer, Oppenheimer Bros., Inc.* v. *Craft* (1961), 132 Ind. App. 452, 467, 468, 469, 175 N. E. 2d 715; *Ramseyer, Exr.* v. *Dennis* (1918), 187 Ind. 420, 116 N. E. 417, 119 N. E. 716; *Lawson* v. *Cole* (1953), 124 Ind. App. 89, 92, 93, 115 N. E. 2d 134. After an adverse verdict, appellants now claim harm and prejudice to their cause resulting from the statements by appellee's counsel, but they show no error or abuse of judicial discretion by the trial court. The latter complied with appellants' motion, instructed the jury as requested, and no claim is made that any request or motion by appellants was denied or refused by the court. No error has been established by appellants under their specification 2a.

That the amount of recovery is "too large" is the basis of specification 3 of appellants' motion for a new trial. In presenting their argument of this claim of error, appellants cite one authority to the effect that it is the duty of the courts to "scrutinize very carefully evidence in support of claims against decedent's estates," and then proceed to set

forth a resume of certain selected evidence and the substantive testimony of certain witnesses. The root of the argument is that the verdict of the jury "rested on conjecture, surmise, speculation and guess." However, we find that the evidence referred to was in conflict and that there was evidence sufficient in probative value and scope to warrant the jury in returning a verdict in the amount stated. While we are in accord that the evidence in support of claims against the estates of deceased persons should be carefully scrutinized for the purpose of preventing fraud, yet such duty extends us no authority to weigh the evidence or to substitute our conclusions on the evidence for that expressed by the jury in its verdict.

Appellants group specifications 5 and 6 for discussion. They are that the verdict is not sustained by sufficient evidence and that it is contrary to law. Here, again, appellants take issue with the evidence as to the claim of appellee and say that such evidence "deserves the closest scrutiny." The whole argument consists of stating what the appellee testified to and what she did not say. However, as we pointed out above in reference to specification 3, the evidence was in conflict and we cannot weigh it. No authorities or cases are cited or referred to in support of the argument. We find no error as urged with reference to specifications 5 and 6.

Appellants advance no argument in support of specification 10f. They say only that the court erred in sustaining the objection of appellee to a question put by appellants to their witness, Ruby Jenkins, on direct examination. Then they set forth in quotes the question, the objection, the ruling by the court, and then their offer to prove, with no ruling of the court on the offer. Said specification 10f., is not supported

by any cogent argument as required by Rule 2-17(e) and is, therefore, deemed waived. Rule 2-17(f).

Finally, by their specification 10 g., appellants claim that the court erred "in refusing to permit the defendant (appellants) over the objection of the plaintiff (appellee), to introduce and read in evidence defendant's exhibit #11." It is stated that said exhibit #11 was a certified copy of an order by the Gibson Circuit Court showing certain stated matters. The offer or tender of the exhibit in evidence, the objection made thereto, and the ruling of the court thereon, are not set forth in the motion for a new trial or in appellants' brief. Consequently, no question is presented by said specification 10g. *Mustafov* v. *Metropolitan Life Insurance Co.* (1955), 125 Ind. App. 388, 390, pt. 4, 125 N. E. 2d 824; *Von Cline* v. *Cline, Administratrix, etc.* (1960), 130 Ind. App. 473, 475, 165 N. E. 2d 608; *Romine* v. *Frank, Administratrix, etc.* (1954), 124 Ind. App. 465, 466, 118 N. E. 2d 900. No transcript reference is made by appellants to said Exhibit 11 and we fail to find the same in the transcript or the bill of exceptions containing the evidence.

Under their designated "conclusion" to their brief, appellants make reference to their defense of limitation to the claim, and that they had no opportunity to file a motion for change of judge. However, neither point was made in argument and is, therefore, deemed waived. Rule 2-17(f).

The appellants have failed to establish reversible error by the record and the judgment appealed from must be affirmed.

Judgment affirmed.

Mote, C. J., Hunter and Pfaff, JJ., concur.

NOTE.—Reported in 192 N. E. 2d 474.