Ann PEACHES, Plaintiff-Appellant,

v.

CITY OF EVANSVILLE, Indiana, John Zirkelbach, Defendants-Appellees.

No. 1–878A223.

Court of Appeals of Indiana, First District.

June 25, 1979.

John F. Davis, John D. Clouse, Michael C. Keating, Richard H. Adin, Evansville, for plaintiff-appellant.

John C. Cox, Timothy R. Dodd, Barbara B. Williams, Law Dept. of City of Evansville, Evansville, for defendants-appellees.

Frank G. Carrington, Jr., Americans for Effective Law Enforcement, Inc., Evanston, John C. Ruckelshaus, Ruckelshaus, Bobbitt & O'Connor, Indianapolis, Roy A. Tyler, Evansville, for amicus curiae.

PETITION FOR REHEARING

ROBERTSON, Judge.

Petitioner Ann Peaches (Peaches) correctly asserts that this court did not reach the

merits of various alleged grounds for error with respect to the issue as to whether the trial court erred in failing to declare *Ind. Code* 35–1–19–3 unconstitutional. Our reason for not doing so was based on our decision that regardless of the merits of Peaches's claim, Officer Zirkelbach was entitled to rely on the presumptive validity of the statute in issue. Hence, as the issues were formulated below and on appeal, the constitutionality of the statute was moot. As such, it was unnecessary for us to address the other alleged grounds for error. Again, this conclusion is based on the premise that Zirkelbach was entitled to assume the statute was constitutional, a premise that we here reaffirm. *See Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Landrum v. Moats*, 576 F.2d 1320 (8th Cir. 1978), *cert. denied*, 439 U.S. 912, 99 S.Ct. 282, 58 L.Ed.2d 258.

The petition for rehearing is in all respects denied.

LOWDERMILK, P. J., and LYBROOK, J., concur.