**James SKAGGS, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 4–781A45.**

Court of Appeals of Indiana,
Fourth District.

July 26, 1982.

Rehearing Denied Oct. 13, 1982.
See 441 N.E.2d 19.

Jeffrey C. Eggers, Roger Young, Franklin, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

## STATEMENT OF THE CASE

James Skaggs was convicted of child molesting, Ind.Code 35–42–4–3,[1] a class B felony, and sentenced to six years in prison. A motion to correct errors was timely filed and overruled. Skaggs now seeks appellate review of his conviction.

## ISSUES [2]

1. Was the defendant denied a fair trial because of improper remarks made by the prosecutor?

2. May a party impeach its own witness?

3. Did the trial court err in refusing to permit the defendant to inquire into the sexual history of the victim?

4. Did the State fail to comply with a discovery order?

5. Was certain hearsay evidence improperly admitted under the res gestae exception to the hearsay rule?

6. Did the court give an improper jury instruction on uncorroborated evidence in sex offense cases?

7. Was the evidence sufficient to support the verdict?

8. Should a new trial be ordered on the basis of newly discovered evidence?

## FACTS

The victim was eleven years old at the time she was molested by Skaggs, her stepfather. She testified that on the afternoon of July 2, 1980, she was taking a nap with Skaggs. She was awakened by a sharp pain in her stomach. She realized that her

---

1. Ind.Code 35–42–4–3 states:

 (a) A person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

2. Skaggs's brief suffers from several deficiencies. His statement of the facts is not, "a concise narrative summary of the facts in a light most favorable to the judgment." *Moore v. State*, (1981) Ind.App., 426 N.E.2d 86, 90. Also, in many instances Skaggs does not apprise the court of the substance of testimony to which he objects. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). Several issues were improperly asserted on appeal and do not warrant review. *Smith v. State*, (1981) Ind.App., 414 N.E.2d 299, 300. These shortcomings do not substantially comply with the rules of appellate practice and could result in dismissal or summary affirmance. *Carter v. State*, (1980) Ind.App., 408 N.E.2d 790, 792. However, the record reflects a substantial amount of public interest and controversy was engendered by the trial of this case. We have therefore addressed the merits of issues properly raised.

stepfather was lying on top of her and she could feel his penis moving inside of her vagina, causing a pain, "like a knife going into [her] stomach." The victim dressed herself and walked to the home of a friend, Susan Clay, and told her of the incident. Susan informed her mother, who called the victim's mother at work and asked her to come home.

When the girl's mother arrived she was taken to the local hospital for rape tests and questioned by the police. Skaggs was arrested later and charged with the crime of child molesting.

PROSECUTORIAL COMMENTS

During voir dire of prospective jurors the prosecutor asked:

"If you believe the victim, would you find the defendant guilty?"

Later the prosecutor asked a member of the *venire*:

"Would you agree that nothing in life is capable of proof beyond a reasonable doubt?"

After selection of the jury, the State moved for separation of the witnesses, "to insure fairness to the defendant." This motion was made in the jury's presence. Skaggs contends that these comments were subtle attempts to prejudice the jury in favor of the State and ease burden of proof requirement.

The trial court has broad discretion to regulate the form and scope of *voir dire* examination. *Hopkins v. State*, (1981) Ind., 429 N.E.2d 631. Certain external limitations, however, have been imposed on the juror selection process to insure fairness. Questions propounded to prospective jurors should be designed to discover prejudice and eliminate bias. *Staton v. State*, (1981) Ind., 428 N.E.2d 1203. Questions which seek to shape a favorable jury by deliberate exposure to the substantive issues in the case are improper. *Robinson v. State*, (1973) 260 Ind. 517, 297 N.E.2d 409. *Voir dire* should be restricted to testing the capacity and competency of prospective jurors. *Garrett v. State*, (1973) 157 Ind.App. 426, 300 N.E.2d 696.

The questions challenged by Skaggs do not warrant reversal. They seek to elicit responses that would identify bias in applying the reasonable doubt standard and the rule regarding uncorroborated victim testimony in sex offense cases. It is proper to expose jurors to concept of reasonable doubt. *Hutcherson v. State*, (1978) 269 Ind. 331, 380 N.E.2d 1219. The prosecutor's question does not go beyond inquiry into possible bias in the application of the reasonable doubt standard.

The same may be said for the State's reference to uncorroborated testimony in sex offense cases. Questions intended to identify juror bias toward certain witnesses are not improper. *Hopkins, supra.* We believe the trial court was within its discretion to permit that question. Propounded questions must be placed within the entire context of the voir dire which included numerous statements to the venire both by the trial court and counsel concerning the State's burden of proof, the presumption of innocence, the accepted definition of reasonable doubt, and the trial court's function of instructing the jury.

Skaggs objected to the prosecutor's comment when he moved to separate witnesses "in fairness to the defendant," but offers no argument to show how he was prejudiced by these remarks. We conclude his objection that the prosecutor was attempting to influence the jury to be pre-disposed to a finding of guilt is without merit.

After the commencement of evidence the following exchange occurred during the State's cross-examination of Skaggs:

"Q. Uh, Mr. Skaggs, are you saying that you had no sexual intercourse, or are you saying that you don't know if you had sexual intercourse?

"A. I'm saying I didn't have.

"Q. You do recall telling Officer Jerry Long that you might have, but you don't know?

"A. No, I didn't tell Jerry Long that, neither.

"Q. You didn't say that?

"A. No, I didn't."

Skaggs's attorney objected to the second question and answer and moved for a mistrial. It appears that the prosecutor knew Skaggs had not made such a statement. Rather, the State was characterizing a similar statement made by Skaggs. The basis for the motion for mistrial was that State had refused to comply with discovery. After a bench conference the jury was instructed to disregard the statement and told no such statement had been made.

■ An admonishment to the jury presumptively cures error. *Johnson v. State*, (1981) Ind.App., 419 N.E.2d 232. To overcome this presumption Skaggs must show the admonishment was insufficient to dispel prejudice. Skaggs has not done this. His argument is directed to the impropriety of the statement itself, not its prejudicial impact. We are satisfied "no residuum" of prejudice remained. *Coleman v. State*, (1982) Ind., 433 N.E.2d 384.

## IMPEACHMENT

■ During its case in chief the State called Mrs. Skaggs, mother of the prosecutrix. When she offered testimony unfavorable to the State's case the prosecutor attempted to impeach the witness. Skaggs objected on the ground that Ind.Code 34–1–14–15 [3] does not permit a party to impeach its own witness. After a bench conference the trial court sustained a modified objection on the theory that no foundation had been laid for impeaching testimony and the trial continued. Skaggs asserted no further substantive objection to the testimony of Mrs. Skaggs.

■ An objection that is sustained by the trial court cannot serve as the foundation for an argument on appeal. *White v.*

*Lafoon*, (1963) 135 Ind.App. 100, 192 N.E.2d 474.[4] Skaggs could have renewed his objection during the examination of Mrs. Skaggs to preserve his objection based on IC 34–1–14–15. *Id.*

## CROSS–EXAMINATION OF VICTIM

Before the prosecutrix was called as a witness, Skaggs requested permission to cross-examine the witness. According to the terms of the request, Skaggs would ask a single question about the prosecutrix's prior sexual experience. A negative answer would be accepted without further questioning. The motion was overruled on the authority of Ind.Code 35–1–32.5–1 to 4, Indiana's Rape Shield Law. Skaggs argues that he was entitled to cross-examine the victim because the Rape Shield Law applies only to evidence of prior sexual activity, not prior sexual inactivity. He concludes therefore, the Rape Shield Law has no application to his request. We do not agree.

We first note the Rape Shield statute creates a blanket exclusion for evidence of a victim's prior sexual conduct. IC 35–1–32.5–1 states:

"In a prosecution for a sex crime as defined in IC 35–42–4 [35–42–4–1—35–42–4–4], evidence of the victim's past sexual conduct, evidence of the past sexual conduct of a witness other than the accused, opinion evidence of the victim's past sexual conduct, opinion evidence of the past sexual conduct of a witness other than the accused, reputation evidence of the victim's past sexual conduct, and reputation evidence of the past sexual conduct of a witness other than the accused may not be admitted, nor may reference be made to this evidence in the presence of the jury, except as provided in this chapter."

---

**3.** Ind.Code 34–1–14–15

"—The party producing a witness shall not be allowed to impeach his credit by evidence of bad character, unless it was indispensable that the party should produce him, or in case of manifest surprise, when the party shall have this right; but he may, in all cases, contradict him by other evidence, and by showing that he has made statements different from his present testimony."

**4.** Skaggs also contests the admissibility of the testimony of a social worker involved in the case. A review of the record shows that no substantive objection was entered to her testimony. We cannot review error not raised in the trial court. *Apple v. Hall*, (1980) Ind.App., 412 N.E.2d 114.

When reviewing a statute, we look to the statute as a whole to determine the intention of the legislature. IC 1–1–4–1; *Edward Rose of Indiana v. Fountain,* (1982) Ind.App., 431 N.E.2d 543. To that end we note the purpose of the Rape Shield statute is to prohibit inquiry into the victim's sexual history. *Geyer v. City of Logansport,* (1977) 267 Ind. 334, 370 N.E.2d 333. That includes reference to all prior sexual history.

Our reading of legislative intent is confirmed by section 2 of the statute which provides exceptions to the general exclusionary rule. That section states:

"The following evidence proscribed in section 1 [35–1–32.5–1] of this chapter may be introduced if the judge finds, under the procedure provided in section 3 [35–1–32.5–3] of this chapter, that it is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

(a) Evidence of the victim's or a witness's past sexual conduct with the defendant; or

(b) Evidence which in a specific instance of sexual activity shows that some person other than the defendant committed the act upon which the prosecution is founded."

Since such evidence may be admitted under the conditions stated in IC 35–1–32.5–2, it is clear the legislature intended all other such evidence should be excluded.

Not only does this section represent a legislative enactment of the public policy favoring protection of victims of sexual abuse by limiting evidence to matters involving the defendant or another alleged to have committed the act, the statute has sound evidentiary bases. The real focus of the trial becomes diffused when emphasis is given to the sexual conduct of the victim.

The only issue to be tried is the guilt or innocence of the accused. It has always been proper in cases where the probative value of evidence is outweighed by its prejudicial effect or its tendency to confuse the jury, to exclude such evidence. *Peaches v. City of Evansville,* (1979) Ind.App., 389 N.E.2d 322, rehearing denied 391 N.E.2d 828, *cert. denied* 444 U.S. 1033, 100 S.Ct. 704, 62 L.Ed.2d 669.

Further, such evidence is irrelevant. Prior consensual sexual conduct has little to do with sexual crimes. Note, If She Consented Once, She Consented Again—A Legal Fallacy In Forcible Rape Cases, 10 Val.U.L. Rev. 127. By the same token, prior chastity also is irrelevant to a crime involving sexual abuse, especially when the crime charged is child molesting. We think therefore, such testimony is irrelevant to the substantive issues in the case. *Mahoney v. State,* (1979) Ind.App., 388 N.E.2d 591, 595. It was not error to exclude reference to the victim's lack of sexual history.

## DISCOVERY

Skaggs contends the State has erred by failing to comply with the trial court's pretrial discovery order. Specifically, he alleges the State refused to supply him with the results of physical and psychological tests performed by the Johnson County Welfare department. He also maintains the State concealed certain oral statements made by Skaggs to a police officer. The result of these asserted omissions is a violation of the mandate of *U. S. v. Agurs,* (1976) 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342. An examination of the record does not convince us the *Agurs* doctrine was implicated in this case.

Skaggs followed the proper procedure to compel discovery at the outset. He made a Motion to Produce,[5] followed by an order granting the motion.

---

5. **(A) Scope.** Any party may serve on any other party a request:

(1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents (including, without limitation, writings, drawings, graphs, charts, photo-

graphs, phono-records, and other data compilations from which intelligence can be perceived, with or without the use of detection devices) or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(B) and which are in the possession, custo-

Subsequent to the court's order a conference was arranged between defense counsel and the deputy prosecutor in charge of the case. Defense counsel attended the meeting but the deputy prosecutor was absent. The Johnson County prosecutor was consulted but he was unable to locate the file in the case. Skaggs's attorney let the matter drop. It was not until trial that Skaggs revived the issue by making a Motion to Dismiss for failure to comply with discovery, which was denied.

 We need not discuss Skaggs's argument based on *Agurs*. That issue has been waived by his failure to seek trial court enforcement of the discovery order. "When a criminal defendant believes the State has not complied with a discovery order, it is mandatory for him to call this to the attention of the trial court and attempt to compel the State to comply with the order. Otherwise, error resulting from non-compliance is waived." *Perdue v. State*, (1979) Ind.App., 398 N.E.2d 1290, 1295. Skaggs has, accordingly, waived his objections based on this issue.[6]

## RES GESTAE

Susan Clay, a friend of the victim, testified the victim came to her home immediately after the event and told her what had happened. Skaggs objected, arguing the statement was hearsay and did not fall within the res gestae exception to the hearsay rule.

 We need not decide the res gestae question. Hearsay testimony is admissible when the hearsay declarant is present in court and subject to cross-examination. *Tillman v. State*, (1980) Ind., 408 N.E.2d 1250. Skaggs could have called the victim to the stand and cross-examined her concerning her statements to Susan Clay.[7]

## JURY INSTRUCTION

 The trial court included the following State's instruction in its charge to the jury:

"A conviction for a sex offense may be sustained upon the sole uncorroborated testimony of the complaining witness."

Although Skaggs acknowledges the validity of that instruction, he contends it was inappropriate in this case. His authority for that position is drawn from *Sizemore v. State*, (1979) Ind.App., 384 N.E.2d 1152. *Sizemore* was vacated by our Supreme Court and is no longer precedential authority. This instruction is proper in such cases.

dy or control of the party upon whom the request is served;

(B) **Procedure.** The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaind upon that party. The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. Service is dispensed with if the whereabouts of the parties is unknown.

The party upon whom the request is served shall serve a written response within a period designated in the request, not less than thirty [30] days after the service thereof or within such shorter or longer time as the court may allow. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless it is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or catego-

ry, the part shall be specified. The party submitting the request may move for an order under Rule 37(A) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."

6. Skaggs also challenges the introduction of hearsay testimony relating an oral statement made by Skaggs. At trial, Skaggs objected on the grounds of materiality and impeachment. On appeal the evidence was challenged for failure to comply with discovery. Changing the basis for an objection results in a waiver of the issue. *Swinehart v. State*, (1978) 268 Ind. 460, 376 N.E.2d 486.

7. In fact they did examine the victim through deposition and on cross-examination as to her actions following the event.

*Tillman, supra* and *Lottie v. State,* (1980) Ind., 406 N.E.2d 632. In *Lottie* a similar argument was advanced and rejected by the Supreme Court. The instruction there involved was virtually identical to the one at issue.

## SUFFICIENCY OF THE EVIDENCE

 As a corollary to the previous argument, Skaggs argues the testimony of the victim was insufficient to support the verdict of the trial court. When a conviction is reviewed for sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. We look only to the evidence most favorable to the verdict, and give the benefit of all reasonable inferences to the State. If there is substantial evidence of probative value on each element of the crime, the conviction will be sustained. *Gibbens v. State,* (1982) Ind., 434 N.E.2d 82.

Skaggs recognizes the general rule that a conviction in a sex crime may be based on the uncorroborated testimony of the victim. *Riddle v. State,* (1980) Ind., 402 N.E.2d 958. However, he argues in cases where the evidence is close, or where the State has committed prosecutorial misconduct, we may reweigh the evidence and reverse the trial court. *Garrett v. State,* (1973) 157 Ind.App. 426, 300 N.E.2d 696. Skaggs argues because the victim's vaginal area was not torn or bruised, the sufficiency question was close enough to warrant our reweighing the evidence. This argument is clearly wrong.

In this State, the testimony of the victim is adequate to sustain a conviction for a sex crime. It is the act not residual effects that forms the basis for a crime. This principle has been stated as follows.

"The defendant first contends that the evidence is insufficient to prove that intercourse ever occurred. He specifically points to testimony which indicated that the doctors who examined the victim found no sperm in her vaginal vault. In Indiana, the uncorroborated testimony of a rape victim is enough to support a conviction. *Dobrzykowski v. State,* (1978)

Ind., 382 N.E.2d 170; *Harris v. State,* (1978) 268 Ind. 12, 373 N.E.2d 149. Furthermore, we emphasized in *Lynch v. State,* (1974) 262 Ind. 360, 316 N.E.2d 372, that penetration, not ejaculation, is the essential element of the crime of rape. Here, the victim testified that the defendant had sex with her which she said meant that his penis penetrated her vagina. We find that there is sufficient evidence to support this element of the offense."

*Tillman v. State,* (1980) Ind., 408 N.E.2d 1250, 1251. We thus find the evidence sufficient to support the verdict.

## NEWLY DISCOVERED EVIDENCE

Skaggs claims certain letters received after trial indicate his conviction was not the product of an impartial trial. Their existence entitles him to a new trial, he believes.

When reversal is predicated upon newly discovered evidence, the defendant bears the burden of showing that the evidence meets the prerequisite for a new trial. *Wash v. State,* (1980) Ind.App., 408 N.E.2d 634. Skaggs's brief is silent on this point. This issue has been waived for that reason. *France v. State,* (1979) Ind. App., 387 N.E.2d 66.

The conviction is affirmed.

MILLER, P. J., and SHIELDS, J. (sitting by designation), concur.