ALVIN DANIEL SEARS *v.* STATE OF INDIANA.

[No. 671S161.  Filed June 1, 1972.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

DEBRULER, J.—The appellant was convicted of second degree burglary by a jury in the Vanderburgh Circuit Court, the Honorable Steve Bach, Special Judge, presiding. The appellant here raises two points in support of his appeal for a new trial: (1) that the trial court erred in allowing the prosecutor to elicit incompetent evidence from the appellant on cross examination which in fact shifted the burden of proof to the appellant, and (2) that one of the instructions given to the jury by the trial court was erroneous in that it invaded the province of the jury.

The evidence in this case indicates that the Evansville Police, responding to a radio call at approximately 2:50 a.m. in the morning, went to an American Legion Post and found the appellant hiding on the second floor of the building. A glass pane in the front door had been broken, and the appellant later admitted that he had broken into the building in order to look for some liquor. This statement, not challenged here, was reduced to writing, signed by the appellant, and introduced into evidence against him.

The appellant testified at the trial that he had been drinking heavily on the day in question and, while admitting that he broke into the building asserted that he went in to get warm and not with the intention of taking any property from the building. On his direct testimony he mentioned two or three friends by name who had been drinking with him on the day in question. On cross examination, the prosecutor asked him if these friends were in the courtroom, and when the appellant answered no, the prosecutor asked further whether they still lived in Evansville. The appellant argues that these questions obviously carry with them the implication that the appellant was lying about where he had been that day, since the jury might well infer that the appellant would have produced these witnesses if in fact they

could have testified as to his state of intoxication. The appellant urges that permitting such an implication to arise shifts the burden to him and requires him to establish his innocence. We find no merit in this contention.

In our opinion, the prosecutor in this case was employing perfectly proper cross examination techniques. The right to vigorous cross examination is fundamental to our adversary process, and wide latitude is allowed both sides in a dispute to ask pointed and relevant questions on cross examination in an attempt to undermine the opposition's case. Thus, any doubt as to the legitimacy of a question on cross examination should be resolved in favor of the questioner. In the case before us, the appellant stands as any other witness. As we said in *Keyes* v. *State* (1889), 122 Ind. 527, 23 N. E. 1097:

> "The accused chose to avail himself of the privilege of testifying in his own behalf, and, therefore, assumed the position of a witness, and became subject to all the rules which govern the cross examination of witnesses. Boyle v. State, 105 Ind. 469, and cases cited, p. 475; Thomas v. State, 103 Ind. 419. It was, consequently, proper to permit the state to test, on cross examination, the accuracy of his statements in the same method as those of an ordinary witness. While a defendant is under no obligation to testify as a witness, yet, if he elects to do so, he cannot interpose any constitutional provision as a shield to protect him against a legitimate cross examination." 122 Ind. at 531.

See also *Barnett* v. *State* (1959), 240 Ind. 129, 161 N. E. 2d 444, and cases cited therein. Speaking to the proper scope of cross examination in general, we said in *Mark* v. *City of Indpls.* (1966), 247 Ind. 511, 219 N. E. 2d 434, quoting from 30 I.L.E. WITNESSES, § 113, pp. 105-106, that:

> "generally, any matter is a proper subject of cross examination which is favorable to the cross examiner and tends to discredit or rebut the theory or claim of the opposing party, or which is responsive to testimony given on direct examination and tends to elucidate, modify, explain, contra-

dict or rebut testimony given in chief by the witness, or any logical inference resulting therefrom."

Secondly, the appellant argues that the court committed error in reading to the jury the following instruction:

"You are instructed that there is a law in Indiana which states that a person commits theft when he knowingly obtains or exerts unauthorized control over property of the owner or intends to deprive the owner of the use and benefit of such property. You are further instructed that such a theft constitutes a felony regardless of the value of such property. Therefore, *if* you believe beyond a reasonable doubt that the defendant did, on the 21st day of October, 1970, unlawfully, feloniously, and, burglariously break and enter into the building and structure owned and occupied by Otis Stove Post No. 354, American Legion, Department of Indiana, a corporation, then and there situate at 1127 Chestnut Street in the City of Evansville, County of Vanderburgh, State of Indiana, which said building and structure is not a place of human habitation, and you further believe beyond a reasonable doubt from the evidence that the defendant entered into the said building with the intent or unlawfully, feloniously and knowingly obtaining and exerting unauthorized control over the property of Otis Stove Post No. 354, American Legion, Department of Indiana, a corporation, intending to deprive said owner permanently of the use and benefits of said property, then you *may* find the defendant guilty of Second Degree Burglary, or of the included offense to wit: Entering a Building to Commit a Felony." (Emphasis added.)

The appellant's argument concerning this instruction is quoted verbatim as follows:

"This phase of the instruction read by the trial judge is mandatory and invades the province of the jury. It must be noted that the instruction did not have any words of qualification such as 'you may' or 'if'. This was in effect telling the jury that the defendant's defense was without merit.

"It is the exclusive province of the jury to indulge in the presumption of guilt. Miller v. State (1944), 223 Ind. 50, 58 N. E. 2d 114, 116.

"The remaining part of the instruction puts undue emphasis on the intent of the defendant and cause the defendant to be convicted.

"A trial court is not justified in emphasizing any particular phase of the case. Fehlman, et al. v. State (1928), 119 Ind. 76, 161 N. E. 2d 8, 11."

There is little to be said about this argument other than the fact that it bears no recognizable relation to the instruction quoted above. The instruction states that "if" the jury finds certain facts then they "may" find the appellant guilty, which in no sense can be considered a mandatory instruction. *Loftis* v. *State* (1971), 256 Ind. 417, 269 N. E. 2d 746. Further, it is difficult to imagine the appellant complaining of undue emphasis put on his intent in this case, since his primary defense concerns his lack of intent to take anything from the building. The instruction clearly indicates to the jury that they must find beyond a reasonable doubt that the appellant broke into the building with the intent to commit theft. It in no way comments on the presence or absence of evidence as to intent but does rightfully include such intent as a necessary element of the crime charged.

Judgment affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 282 N. E. 2d 807.