RICKIE WILLIAM PEARISH v. STATE OF INDIANA.

[No. 575S120. Filed March 25, 1976.]

James E. Burke, of South Bend, for appellant.

Theodore L. Sendak, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, Rickie William Pearish, was convicted on December 10, 1974, of three courts of kidnapping and one count of armed robbery. The Appellant was sentenced on January 19, 1975, to life imprisonment for each conviction of kidnapping, and to a determinate sentence of ten years for his conviction of armed robbery. The sentence for armed robbery was to follow the expiration of the imprisonment imposed on the kidnapping convictions. The Appellant's Motion to Correct Errors was denied on January 20, 1975. This appeal has been kept viable through an extension of time requested by the Appellant and granted by this court.

The evidence at trial revealed that at approximately 8:00 p.m. on January 11, 1974, Cheryl Pauline Simon left the house of one of her sisters-in law to make a short shopping trip. Her daughter Terrie and her niece Tammy Kwist accompanied her. They drove to a Burger Dairy Store in Walkerton, Indiana. Mrs. Simon went into the store, leaving the children in the car. When she returned to the automobile, she was confronted by a man who ordered her into the car.

When she refused, he drew a gun, forced her into the car, and drove the car himself.

During the following four to four and one-half hours, this man and his captives drove along country roads surrounding Walkerton, occasionally stopping. Mrs. Simon was raped a number of times by her abductor. Both Mrs. Simon and Tammy Kwist were made to perform acts of oral sex with him. Toward the end of the ordeal, Mrs. Simon was asked if she had any money. She handed her captor four dollars, was given one dollar in return, and was told to buy gas. The assailant left after making Mrs. Simon promise not to go to the police and after saying, "we are going to have a party like this again."

Mrs. Simon saw the man get into an automobile which followed her while she stopped for gasoline. It continued to follow as Mrs. Simon stopped at Tammy Kwist's home. Finding no one there, she continued to the home of her brother-in-law, Jim Simon. Mrs. Simon and the children got into her brother-in-law's truck. She pointed out to her brother-in-law the automobile which had been following them. They then picked up Mrs. Simon's husband at work. At approximately 2:00 a.m. on January 12, Mrs. Simon was persuaded by her husband to tell her story to Walkerton police.

The Appellant was arrested on January 30, 1974. He was identified by Mrs. Simon and Tammy Kwist as their abductor. A weapon was taken from the Appellant which was identified as being similar to that used on the night of the alleged crime. A gun clip fitting this weapon was found in the Simon auto and was identified as one dropped by the Appellant during the alleged crimes.

## I.

The first allegation of error raised by the Appellant is that the trial court erred in overruling a defense challenge to the competency of State's witness Tammy Kwist and that it

erred further in denying a defense request for the appointment of a psychiatrist to determine the competency of that witness. Ind. Code § 34-1-14-5 (Burns 1973) provides in part:

> "The following persons shall not be competent witnesses: . . . children under ten [10] years of age, unless it appears that they understand the nature and obligation of an oath."

Tammy Kwist was, at the time of trial, twelve years old. The Appellant's challenge revolves around a learning disability which placed the witness's mental age at five years old.

The Appellant relies heavily on *Easterday* v. *State*, (1970) 254 Ind. 13, 256 N.E.2d 901. That case concerned a sodomy prosecution. We found error in the failure of the trial court to grant defense motions for a psychiatric examination of the prosecuting witness of that case. That witness was but two weeks past ten years of age and admitted to having previously lied about similar incidents.

It must be emphasized that the *Easterday* decision found that the trial court's "refusal to grant appellant's timely request for a psychiatric examination of the prosecutrix was in this case not based on *sound judicial discretion*." (emphasis added) *Easterday* v. *State, supra* at 22. There has been no such abuse of discretion here.

Testimony at trial revealed that the witness's learning disability concerned problems with her reading and writing, largely attributable to impaired vision. She was never specifically diagnosed as mentally retarded and had no impairment in terms of memory. Given these circumstances and the fact that the witness was twelve years old, it would perhaps not have been an abuse of discretion to simply say that this witness was competent because she did not fall within the statutory category of incompetency. To his credit, the trial judge went beyond this.

This witness was examined by prosecution and defense counsel and by the trial court. While she exhibited some

confusion as to the nature of the oath she had taken, she testified that she understood the difference between lying and telling the truth. She testified that telling the truth is good and lying is bad and that she wanted to "live good." We have held in the past that such circumstances will not show an abuse of discretion when a child witness is permitted to testify. *Shipman* v. *State,* (1962) 243 Ind. 245, 183 N.E.2d 823.

The Appellant contends that the witness expressed a "willingness to lie in order to help her aunt." She did indeed reply affirmatively to a defense question, "Would you ever tell a fib to help her [her aunt]?" We should point out, however, that any witness is *capable* of giving false testimony. This witness indicated that she would not. The Appellant also points out that this witness's testimony related facts which were physically impossible. This contention addresses the credibility of the witness, not her competency. These allegedly impossible occurrences were ably brought out by defense counsel during cross-examination and subsequent testimony. They do not show an abuse of judicial discretion here. We find no error.

## II.

The Appellant's second contention is that the trial court erred in denying a defense motion for a mistrial based upon alleged misconduct by the prosecutor during his final argument. The prosecutor, it is argued, repeatedly stated his personal opinion on the question of the Appellant's guilt and "indulged in improper and unethical vilification of the accused and the accused's counsel."

Our review of the record reveals that the opinions expressed by the prosecutor were based upon the evidence presented to the jury. He implied no personal knowledge of the Appellant's guilt or innocence. No error will be found in such opinions. *Swope* v. *State,* (1975)

263 Ind. 148, 325 N.E.2d 193. The Appellant's claims of vilification are not precisely spelled out. The prosecutor did say that the case was "vile" and "gross." This comment related to the nature of the alleged crime. The prosecutor also called the Appellant a liar. This must be taken in context, however. The Appellant claimed that the drive and sexual acts with Mrs. Simon had been with her consent. He claimed that he had had an affair with her for some months. He stated that he had had no sexual contact with Tammy Kwist. Mrs. Simon and Tammy Kwist testified otherwise, and the prosecutor correctly pointed out that someone was lying. It was within the bounds of proper comment for him to argue that it was the Appellant who was doing so.

It should be noted that the brief for the Appellant states that defense counsel "had, throughout the prosecution's closing argument, made repeated objections. . . ." Our review of the record discloses that no objections based upon the grounds discussed here were made until the Appellant's motion for mistrial was made after arguments had concluded. Misstatement of the record does not aid this contention. A trial court is vested with discretion in its control of final arguments. *Jenkins* v. *State,* (1975) 263 Ind. 589, 335 N.E.2d 215. The granting of a mistrial is also within the sound discretion of the trial court. *Lolla* v. *State,* (1973) 260 Ind. 221, 294 N.E.2d 798. We can find no abuse of discretion here.

### III.

The Appellant's final contention is that the trial court erred in overruling a defense objection to a question posed by the prosecution to the Appellant. The Appellant had taken the stand and had testified that he had served in the United States Marine Corps. On cross-examination he was asked whether he received an honorable discharge. (He had received a bad conduct discharge.) The Appellant contends that this was an improper attempt to impeach his credibility. There is no merit to this contention.

When a defendant takes the stand to testify in his own behalf, he becomes subject to all the rules which govern the cross-examination of witnesses. *Sears* v. *State,* (1972) 258 Ind. 561, 282 N.E.2d 807, and cases cited therein.

In the *Sears* case, we quoted with approval 30 I.L.E. *Witnesses* § 113 at 105-106 (1960) regarding the proper scope of cross-examination:

> "Subject to the limitation that the cross-examination of a witness must be limited to the subject matter of his examination in chief, as discussed infra § 119, and to the exercise of a sound discretion by the trial court, supra § 112, generally, any matter is a proper subject of cross-examination which is favorable to the cross-examiner and tends to discredit or rebut the theory or claim of the opposing party, or which is responsive to testimony given on direct examination and tends to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness, or any logical inference resulting therefrom."

The subject of the Appellant's service in the Marine Corps was brought up during his direct examination. It was proper for the prosecution to question the Appellant about it. We see no abuse of discretion in the trial court's overruling of the defense objection to the question posed.

Finding no error, we affirm the judgment of the trial court.

All Justices concur.

NOTE.—Reported at 344 N.E.2d 296.