Rodney DEAN, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 579S127.

Supreme Court of Indiana.

Jan. 23, 1980.

Michael A. Howard, Smith, Pearce & Howard, Bruce Boje, Castor Richards, Adams & Boje, Noblesville, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Rodney Dean, was convicted by a jury of rape, a class A felony, Ind.Code § 35–42–4–1(a) (Burns 1979 Repl.); criminal deviate conduct, a class A felony, Ind.Code § 35–42–4–2(a) (Burns 1979 Repl.); attempted criminal deviate conduct, a class A felony, Ind.Code § 35–41–5–1 (Burns 1979 Repl.); and confinement, a class B felony, Ind.Code § 35–42–3–3 (Burns 1979 Repl.). He was sentenced to three terms of fifty years and one term of two years all to be served concurrently and now raises the following four issues on appeal:

1. Whether there was sufficient evidence to show that the alleged acts were committed by using the threat of imminent force or while armed with a deadly weapon;

2. Whether it was error for the trial court to overrule defendant's objection to a question asked during the cross-examination of defendant's witness, Cheryl Mynatt;

3. Whether the trial court erred in sustaining the state's objection to questions asked of one witness during the sentencing hearing; and

4. Whether the trial court erred in sentencing the defendant.

A summary of the facts from the record most favorable to the state shows that on January 5, 1978, Cheryl Mynatt called the victim, Mrs. Shelli Walker, who was her sister, and asked if she would ride to Muncie, Indiana, with her and her boyfriend, the defendant. Mrs. Walker agreed but did not realize Cheryl would not be returning to Indianapolis right away. Mrs. Walker needed to be back in Indianapolis, so she rode back alone with defendant. At one point on this return trip, defendant pulled over to the side of the road, held a knife to Mrs. Walker's back and forced her to submit to sexual intercourse and oral sex. He also attempted to have forced anal sex with her. Mrs. Walker testified that defendant made repeated threats that he would kill her, her husband and her sister if she did not comply with his demands, and he would not permit her to leave the car following the attack.

I.

Defendant first contends that there was insufficient evidence to show that the crimes charged were committed by threatening the use of deadly force or while armed with a deadly weapon. However, the testimony of the victim clearly established that defendant held a knife to her at various times throughout the ordeal and threatened to kill her, her husband, and her sister. Defendant argues that this is not enough evidence to show that the knife was used at *all* times during the crime and therefore cannot sustain the conviction for a class A felony.

 There is no merit to this contention since it has been clearly established that it is not necessary for a weapon to be held on the victim of a sex crime at all times in order to establish duress. *Critchlow v. State*, (1976) 264 Ind. 458, 346 N.E.2d 591. The statutes under which defendant was charged state that the offenses are class A felonies if they are committed "by using or threatening the use of deadly force, or while armed with a deadly weapon." Ind.Code §§ 35–42–4–1 and 35–42–4–2 (Burns 1979 Repl.). In this case, there was ample evidence to establish threats of deadly force, the use of deadly force, and being armed with a deadly weapon, a knife. This is sufficient to sustain the convictions for class A felonies.

## II.

Defendant next contends that the trial court erred in overruling his objection to a question asked by the prosecuting attorney during the cross-examination of defendant's witness, Cheryl Mynatt. During this case in chief, defendant's counsel questioned Mynatt in regard to the knife which the victim testified had been used on her. These questions and answers left the impression that defendant only used the knife for legitimate purposes. On cross-examination the prosecutor asked the following questions:

Q. "Did you ever see Mr. Dean use that knife that Mr. Howard showed you, for anything besides cutting tobacco?"

A. "Yes."

Q. "And what was that?"

Defendant objected to this last question as being irrelevant and immaterial, but the objection was overruled. The witness answered:

A. "He tried to use it on me."

Defendant now argues that this testimony prejudiced him since it was inadmissible evidence concerning past crimes.

 However, we have often held that the scope and extent of cross-examination are largely within the trial court's discretion. *Smith v. State*, (1979) Ind., 388

N.E.2d 484. The scope of permissible cross-examination extends to all phases of the subject matter covered in direct examination and may include any matter which tends to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness. *Wofford v. State*, (1979) Ind., 394 N.E.2d 100; *Pearish v. State*, (1976) 264 Ind. 339, 344 N.E.2d 296. We find no abuse of discretion in this case, since the use of the knife had been brought up during the direct examination of the witness and the objected to question was proper to contradict or rebut an inference established by the direct questioning.

## III.

 During the trial, the state called as a witness a police officer, James Cooper, who had been assigned to defendant's neighborhood for about three years and was acquainted with defendant. Cooper testified that defendant's reputation for truth and honesty was very poor. There was no objection to that testimony and no further foundation was laid for Cooper's testimony.

At the sentencing hearing, Cooper was again called as a witness and was questioned about his knowledge of defendant's activities which would be relevant to the sentencing. Cooper testified that he had heard that defendant was selling marijuana and had been involved in previous domestic disturbances. Defendant then asked the following question of Cooper during his cross-examination:

Q. "Now, isn't it a fact that none . ., that none of the things that you testified today about Mr. Dean's character have anything to do with whether or not he would tell the truth, does it?"

The state objected on the grounds that the question was improper at a sentencing hearing and the objection was sustained.

Defendant now claims that Cooper's testimony at the sentencing hearing shows that he really did not have a proper foundation for testifying at the trial about defendant's reputation for truth and honesty since the crimes which he attributed to defendant

were not crimes involving truth and veracity. Defendant contends that this is perjured testimony and since a conviction may not be sustained based upon testimony known to be perjured he is entitled to a mistrial. *Birkla v. State*, (1975) 263 Ind. 37, 323 N.E.2d 645.

Defendant's reliance here upon *Birkla* is misplaced. While Officer Cooper *may* have been mistaken about the type of information he needed upon which to base an opinion of a person's reputation for truth and honesty, there is no proof of perjured testimony in the record. There is nothing to show that Officer Cooper did *not* have additional information upon which to base his trial testimony about defendant's reputation as no further questions were asked at that time.

Since Cooper had worked in defendant's neighborhood for over three years, it is logical to assume that he had heard various reports about defendant's reputation other than the incidents he had testified about. There was no error here since there was no proof of perjured testimony.

### IV.

Defendant finally contends that the record does not support the sentence imposed. He was sentenced to the basic thirty years for class A felonies on three counts with twenty years added to each count for aggravating circumstances but with all sentences to be served concurrently. Upon conviction it was clearly within the court's authority to determine whether there were aggravating or mitigating circumstances and accordingly to increase or decrease the fixed term of thirty years as provided by statute.

Defendant argues that there are mitigating factors which outweigh the aggravating factors in his case. He cites such circumstances as the fact that all prior offenses were misdemeanors, the possible provocation by the victim, the fact that a prior trial for the same offense ended in a hung jury, and the fact that there was no evidence that he would commit another serious crime. However, the trial court listed the aggravating circumstances which he had considered as including the following: defendant's prior criminal activity as reflected in the presentence report, which included reports that forced rape and armed rape had probably occurred in prior circumstances; the report from the Reception-Diagnostic Center which indicated defendant would not be a good risk to return to society; the seriousness of the offense committed; the violent temper and previous assaults by the defendant; and evidence presented at both the trials. All of these were proper considerations under our statute which support the addition of twenty years to the basic thirty-year sentence on the three counts. From the record of this case, we cannot find that the sentence was manifestly unreasonable as is required by our Rules for Appellate Review of Sentences, Rule 2, before we can revise a sentence authorized by statute. *Williams v. State*, (1979) Ind., 393 N.E.2d 149.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.