Morris LAMBERT, Appellant,

v.

STATE of Indiana, Appellee.

No. 882S298.

Supreme Court of Indiana.

May 5, 1983.

Robert John Beckman, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with Rape. He was tried before a jury and found guilty. He was sentenced to a twenty year term of imprisonment.

The facts are as follows. Shortly before midnight on the night of June 6, 1981, the victim, D.T., left her home in Michigan City on foot to meet her father who would shortly be leaving his place of employment a few blocks away. At some point along the route D.T. perceived she was being followed. This continued for about a block and a half until she reached a street corner whereupon a man, whom she identified as appellant, jumped in front of her and asked her for a cigarette. After she replied that she did not have one, appellant grabbed her by both arms. She temporarily broke away

from him and hid behind a garbage dumpster for a few minutes. When she emerged from her hiding place, however, appellant was waiting for her and grabbed her again. At that time he struck her in the face and forced her to the ground. She screamed once and then yelled "Help" but ceased crying out when he threatened to kill her if she did not keep silent.

Appellant then compelled D.T. to walk through a senior citizen's complex to an apartment house or "double." He forced her inside into the hallway and compelled her to partially disrobe. He then had intercourse with her.

After the act appellant compelled D.T. to accompany him through the neighborhood. At some point the pair stopped when a red van stopped beside them at a corner just a block from D.T.'s house. The driver of the van, Otha Wright, knew appellant and began to converse with him. D.T. used this opportunity to break away from appellant. She ran to her parents' home, told them what had happened and was taken to a hospital. The police were called immediately. Appellant was arrested in the early morning hours of June 7. D.T. identified him as her assailant from a photograph shown to her by police at the hospital.

Appellant claims the evidence is insufficient to support the verdict of the jury.

■ The standard of review in sufficiency of the evidence cases is well-known. We do not reweigh the evidence nor judge the credibility of witnesses. *Oliver v. State,* (1982) Ind., 431 N.E.2d 98; *Anderson v. State,* (1981) Ind., 426 N.E.2d 674; *Goodpaster v. State,* (1980) Ind., 402 N.E.2d 1239.

■ In rape cases, the uncorroborated testimony of the rape victim can support a conviction. *Dillon v. State,* (1981) Ind., 422 N.E.2d 1188; *Borden v. State,* (1980) Ind., 400 N.E.2d 1368.

■ Appellant took the stand in his own defense and admitted to the act of intercourse but claimed it was consensual on D.T.'s part and that she, in fact, first suggested they have sex for pay. It is apparent the jury believed D.T.'s version of the event and not appellant's.

Appellant also points out alleged discrepancies in the testimony of D.T. and asserts these discrepancies bring this case within the holding in *Penn v. State,* (1957) 237 Ind. 374, 146 N.E.2d 240. In that case we held the evidence of the appellant's commission of a rape was insufficient because it rested wholly on the uncorroborated and improbable and incredible "three in a bed" testimony of the complaining witness. In this case there are discrepancies in the testimony of the victim. She admitted that for some time after the rape she told police that the assault occurred in the courtyard of the senior citizen's complex rather than in the nearby house or apartment. She also admitted that for some time she told police that she was unconscious during the actual rape but then later admitted she was conscious throughout the act. Despite these discrepancies, and others of a lesser nature, however, this case hardly falls within the holding of *Penn, supra.* We hold the evidence is sufficient to support the conviction.

Appellant claims he was denied the right to trial by an impartial jury because he was a black male on trial for the rape of a white woman and his guilt was determined by an all white jury.

■ First appellant has in his brief stated he will not brief the issue. This alone constitutes a waiver of the issue under Ind. R.App.P. 8.3(A)(7). *See, Morlan v. State,* (1981) Ind., 429 N.E.2d 240.

■ Appellant also concedes the issue in this case falls squarely within our holding in *Johnson v. State,* (1980) Ind., 399 N.E.2d 360. Here, as in the *Johnson* case, the record reveals neither the race of the prospective jury panel nor that of the jury finally selected. Moreover, as we noted in *Johnson, supra,* the fact of conviction of a black defendant by an all white jury does not by itself mandate a holding the right to trial by an impartial jury has been denied. *See also, Swope v. State,* (1975) 263 Ind. 148, 325 N.E.2d 193.

Appellant claims reversible error was committed when the prosecutor wielded an "evidentiary harpoon" against him.

The evidentiary harpoon was allegedly wielded during direct examination of State's witness Donald Drake, a detective with the Michigan City Police Department. Drake testified he was called at home by the shift commander and told of the rape of D.T. and that a suspect had been picked up. Drake continued his testimony as follows:

" * * * I was advised that the subject in the station might possibly be a suspect in the alleged rape. I obtained his name. I went to Central Records, obtained a picture of the same subject, the subject being Morris Lambert. I obtained a black and white photo of Morris Lambert. I placed that in the mug book. I can't remember the number. It's on my report where I placed it at in the mug book.

"[Prosecutor]: What do you mean by a mug book?

"[Drake]: The mug book—we keep records of white males—

"[Court]: Just a minute. Let's get off of this."

At that point the prosecutor moved on to another line of questioning.

■ Appellant claims the references to a "mug book" by Detective Drake and the prosecutor constituted the evidentiary harpoon that served to impermissibly prejudice the jury by implying he had a prior criminal record. He correctly cites the well-known general rule that evidence of unrelated criminal activity on the part of the defendant is inadmissible as evidence of his commission of the charged offense. *Richey v. State,* (1981) Ind., 426 N.E.2d 389; *Montgomery v. State,* (1980) Ind., 412 N.E.2d 793.

■ We find that following the colloquy as set forth above, appellant neither asked to have the jury admonished to disregard the references to a mug book or to the fact Drake identified the source of the photograph he obtained of appellant as "Central Records," nor did he move for a mistrial. We have made it clear in prior cases that where the jury is exposed to inadmissible or potentially prejudicial evidence of prior unrelated criminal activity, a prompt admonition to the jury is usually sufficient to protect the defendant's rights. *Hedges v. State,* (1982) Ind., 443 N.E.2d 62; *Hopkins v. State,* (1981) Ind., 429 N.E.2d 631. If that remedy is insufficient, the grant of a mistrial premised on the defendant's motion is appropriate. *Hopkins, supra; Misenheimer v. State,* (1978) 268 Ind. 274, 374 N.E.2d 523. However, we have held the failure to either ask for an admonishment or for declaration of a mistrial following alleged prosecutorial misconduct is a waiver of the claim of error. *Bennett v. State,* (1981) Ind., 423 N.E.2d 588; *Norton v. State,* (1980) Ind., 408 N.E.2d 514. In light of appellant's failure to seek any corrective remedy from the trial court we hold any objection to the alleged misconduct is waived.

Appellant contends the trial court erred in overruling his objection to a question asked by the prosecutor when he took the witness stand in his own defense. On direct examination appellant had stated he did not hold a regular job when he was arrested. Since January, 1980, he had been unable to find regular work and earned what he could doing odd jobs around the rooming house where he lived. Then on cross-examination the prosecutor inquired further of appellant how he lived from January of 1980 to the present. Appellant said he made some money by gambling. Appellant twice objected to questions asked by the prosecutor on relevancy grounds asking him where he got money to gamble in the first place and whether he supported himself exclusively by gambling.

Appellant asserts these questions were irrelevant, citing *Armstrong v. State,* (1982) Ind., 429 N.E.2d 647. Moreover, he asserts these questions injected into the case evidence of prior unrelated criminal activity on his part, which as we have already noted in regard to the last issue is generally inadmissible as evidence of guilt of the instant offense. *Richey, supra; Montgomery, supra.*

■ The accused in a criminal prosecution becomes subject to all the rules that govern the permissible scope of cross-exam-

ination if he takes the witness stand in his own defense. *Pearish v. State,* (1976) 264 Ind. 339, 344 N.E.2d 296; *Sears v. State,* (1972) 258 Ind. 561, 282 N.E.2d 807. A matter is the proper subject of cross-examination if it tends to elucidate, modify, explain, contradict or rebut the testimony given on direct examination. *Dean v. State,* (1980) Ind., 398 N.E.2d 1270. This rule applies when the questions asked on cross-examination evoke an answer from the accused indicating his involvement in prior unrelated criminal activity. *See, Dean, supra.* The manner in which this testimony was adduced brings this issue within the rule, notwithstanding the fact it indicated appellant's involvement in prior unrelated criminal activity. The prosecutor's questions were asked for the purpose of clarifying the matter of appellant's January to June, 1980, employment about which appellant himself had testified on direct examination. The trial court did not err in overruling appellant's objections to the questions.

With regard to both these issues, we note appellant frequently cites us to the recently decided case of *Miller v. State,* (1982) Ind., 436 N.E.2d 1113. In that case the defendant pleaded consent as a defense to the charge of rape. During the trial there were two errors made in admitting evidence. One error was the admission of a police file photograph of the defendant. We held it should not have been admitted, as it clearly and impermissibly implied prior and unrelated criminal activity on the part of the defendant. Moreover, the photograph had no substantial value independent of other evidence. *See, Lawrence v. State,* (1980) Ind., 412 N.E.2d 236. We also held it was error to permit the victim to relate the substance of an earlier conversation with the defendant during which he admitted to prior criminal activity on his part. We reasoned such evidence was irrelevant as to the issue of consent. Further, we stated:

"When, as here, however, there has been an error in the admission of evidence, we are required to determine whether or not such error was harmful. (Cites omitted.)

\* \* \* \* \* \*

"When, as in the case before us, the verdict is dependent, in such a large part, upon the jury's assessment of the credibility of the witness and the error bears heavily upon that credibility, determining whether or not the error was harmful may require a weighing of the evidence and an assessment of credibility—not with a view of redetermining the sufficiency of the evidence to sustain the verdict but rather, to assess the potential of the error for influencing the verdict." *Miller, supra,* 436 N.E.2d at 1114.

We point out the distinctions between *Miller, supra,* and the case at bar. First, the defendant in the *Miller* case preserved his objection to the erroneous admission of a police file photograph, whereas in the case at bar the defendant waived his objection. Second, in the *Miller* case we held the admission of the victim's testimony relating to the defendant's admission of prior criminal activity to her was indeed error because it was irrelevant. But in the case at bar, the testimony was not irrelevant as it was adduced during a proper cross-examination of appellant.

■ Appellant claims the trial court erred in admitting over his objection testimony he gave on cross-examination about a statement he gave to police on October 29, 1981. The record shows prior to trial the court had granted appellant's Motion in Limine to exclude any reference to statements he made before, during, or after he took a polygraph examination administered on the aforementioned date. Neither he nor the State had stipulated that the results of the test would be admissible at his trial, thus making any reference to the administration or results of the test inadmissible. *See, Pavone v. State,* (1980) Ind., 402 N.E.2d 976; *Tope v. State,* (1977) 266 Ind. 239, 362 N.E.2d 137, *cert. denied,* 434 U.S. 869, 98 S.Ct. 209, 54 L.Ed.2d 146.

On cross-examination the prosecutor questioned appellant further about a statement he made prior to his taking a polygraph examination. The prosecutor brought out the fact that in making this

statement to the police officer appellant did not tell her that D.T. propositioned him but rather that he asked her if she had ever had sex with a black man, and that was the way the subject of sex came up between them. During neither direct nor cross-examination was any testimony offered showing the statement was made as part of a polygraph test administration.

Appellant now contends the questioning relative to the substance of his statement should not have been allowed. First he contends since he had not stipulated the results of the test would be admissible as evidence, even the statement he made in preparation for the test was inadmissible. *See, Pavone, supra; Tope supra.* Moreover, he argues the statement was not a voluntary one but was rather coerced from him by the officer's manifestation that unless he made the statement without his attorney being present the test would not be given at all. *See, Taylor v. State,* (1980) Ind., 406 N.E.2d 247; *Brewer v. State,* (1979) Ind., 390 N.E.2d 648.

Appellant's claim of error in this regard is meritless, as the record clearly shows the fact of his having made such a statement was first brought out on direct examination when he took the witness stand in his own defense. Thus the admissibility of evidence relating to appellant's statement made prior to the admission of the polygraph examination falls squarely within the rule we have already cited in this case. Any subject referred to on direct examination by the accused who has taken the witness stand in his own defense becomes a proper subject for cross-examination by the State if it tends to elucidate, modify, explain, contradict or rebut the testimony given on direct examination. *Dean, supra; Pearish, supra; Sears, supra.* This rule applies to cross-examination of an accused relative to post arrest statements by him about which he has testified on direct examination. *See, Ballard v. State,* (1974) 262 Ind. 482, 318 N.E.2d 798. There was no error in overruling appellant's objections to the State's cross-examination of him regarding the substance of his statement made prior to the administration of the polygraph test.

Appellant claims the twenty year sentence imposed upon him is "manifestly unreasonable." Appellant contends we should remand the case with instructions to resentence him to the presumptive ten year term. Under I.C. § 35-42-4-1 [Burns 1979 Repl.] rape is a Class B felony if the victim is "compelled by force" to submit to the act of intercourse. Under I.C. § 35-50-2-5 [Burns 1979 Repl.] the presumptive sentence for a Class B felony is ten years, with up to ten years to be added to the presumptive sentence for the presence of "aggravating circumstances." Those "aggravating circumstances" are named in I.C. § 35-50-1A-7(c) [Burns 1979 Repl.].

The trial judge identified three considerations in support of his finding of the presence of aggravating circumstances in this case: (1) that appellant had a history of prior criminal activity; (2) that appellant "saw fit to beat the victim about the face;" and (3) that appellant "stalked the victim" before perpetrating the offense.

There is evidence in the record supporting the finding of the trial court of the presence of aggravating circumstances.

We hold the sentence is not manifestly unreasonable.

The trial court is in all things affirmed.

All Justices concur.