**James L. MORRISON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 983 S 331.**

Supreme Court of Indiana.

April 26, 1984.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Child Molesting, a class D felony. He was sentenced to a two year term which was enhanced by thirty years upon an habitual offender finding.

The facts are these. Appellant and his girlfriend shared an apartment above the apartment in which the victim lived with her family. On the night of the incident, the victim, T.J., was babysitting the three children of the girlfriend. Appellant and the girlfriend returned to the apartment about 3:00 A.M. to find the children all in one room. Two children were asleep on a daybed, while the victim and another child, Kizzie, were on another bed watching television. Kizzie asked the victim to stay for the rest of the night and she agreed. The mother went into her bedroom and closed the door while appellant was still awake and in the kitchen. Kizzie and the victim fell asleep shortly thereafter.

The victim was awakened later in the night and discovered her underpants had been pulled down onto her thighs. She pulled the pants up and noticed the appellant was walking about the apartment. She pretended to be asleep as appellant walked toward her. Appellant then pulled the victim's pants down and placed his penis in her rectum. The victim continued to feign sleep and the appellant arose and went into the kitchen. Appellant returned to the victim shortly thereafter and committed the same act on two more occasions. The victim testified she was too frightened to protest until the third time when the activity awoke Kizzie and the two children began to scream and cry. Appellant then left the scene and returned to the bedroom. The victim then dressed and returned home where she informed her parents of the incident.

Appellant raises one issue, whether sufficient evidence of probative value was admitted to support the verdict. Our standards for review of sufficiency questions are well-settled and this case does not require a restatement of those standards.

The facts as reported in this opinion were taken from the direct testimony of the victim. The uncorroborated testimony of the victim of a sexual attack, even if the victim is a minor, is sufficient to sustain a conviction for child molesting. *Smith v. State*, (1982) Ind., 432 N.E.2d 1363; *Bennett v. State*, (1980) Ind.App., 409 N.E.2d 1189. Appellant contends counter-balancing evidence was presented which cuts against the reasonableness of the victim's testimony. He cites hospital tests which failed to reveal evidence of sexual activity or trauma. He maintains the events, as depicted by the victim, are unlikely due to the presence of three other children and one adult in the immediate vicinity of the incident. He argues the victim's testimony was confused as to the time of the incident and that the victim did not testify she actually saw the appellant commit the acts for which he was charged. Lastly he admits moving the child to a more comfortable position on the bed and he maintains her sensations of being touched may flow from that incident. For these reasons he argues there was not sufficient evidence to the issue of an intent to arouse or satisfy sexual desires to support the verdict.

The intent of the appellant may be inferred from the circumstances of the incident. *Duncan v. State*, (1980) Ind., 409 N.E.2d 597. One of those circumstances can be the voluntary commission of an unlawful act. *Rutledge v. State*, (1983) Ind. App. 452 N.E.2d 1039. The jury was free to infer the intent to commit the voluntary unlawful act by appellant. Appellant's contentions are but an attempt to ask this Court to reweigh the evidence. We decline the request. Sufficient evidence of probative value to support the conviction was introduced.

The trial court is in all things affirmed.

All Justices concur.