Howard J. HOSSMAN, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 884S328.

Supreme Court of Indiana.

Aug. 24, 1984.

Larry A. Landis, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

This case is before this Court upon the state's petition to transfer. The Court of Appeals, Fourth District, reversed defendant's conviction of conspiracy to commit robbery and remanded the case for a new trial. *Hossman v. State*, (1984) Ind.App., 460 N.E.2d 975. It concluded that the trial court erred in granting the state's motion *in limine* prohibiting the defendant from questioning state's witness, Linda Dils, about either her involvement in the alleged murder of her ex-husband, Edward Dils, or her alleged dependency on drugs which another state's witness, Gary Crumpton, allegedly supplied to Dils. We agree with the state that the trial court did not exceed its discretion in limiting the scope of defendant's cross-examination. The state's petition to transfer is granted and the decision and opinion of the Court of Appeals are hereby vacated.

A review of the evidence before us shows that defendant's conviction is based on the testimony of two witnesses, Gary Crumpton and his girlfriend, Linda Dils. While under arrest for an unrelated armed robbery charge, Crumpton revealed to police the alleged conspiracy between himself and defendant. A deal was struck between Crumpton and the state. In exchange for Crumpton's testimony against defendant and a guilty plea to two other unrelated armed robbery charges, the state agreed not to prosecute Crumpton for conspiracy, several unrelated burglaries, and a pending charge of dealing in controlled substances. Dil's testimony generally corroborated Crumpton's story and she further testified that she saw the defendant give a loaded gun to Crumpton.

During the trial, the state sought a motion *in limine* to preclude defendant from mentioning or questioning Dils about either the alleged murder of her ex-husband or of a supplier-user relationship between Crumpton and Dils. Defendant in turn argued that such matters were relevant to show that Dils's real motive to lie was that she was afraid that if she did not corroborate Crumpton's testimony, he would expose her involvement in the alleged murder of her ex-husband. Defendant also argued that Dils would lie to get Crumpton back on the streets so that he could continue to supply her alleged drug dependency.

It is well settled that the right of cross-examination protected by the Constitution is especially important to expose the possible biases, prejudices or ulterior motives of the witness as they may relate directly to issues or personalities in the instant case. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). This right is not unlimited, however. The trial court has broad discretion in determining how and why bias may be proven and what collateral evidence is material to that purpose. *Solomon v. State*, (1982) Ind., 439 N.E.2d 570; *Brandon v. State*, (1979) 272 Ind. 92, 396 N.E.2d 365. It is not reversible error to disallow cross-examination for bias and prejudice if the line of questioning would not give rise to a reasonable degree of probability of bias and prejudice. *Clark v. State*, (1976) 264 Ind. 524, 348 N.E.2d 27, *cert. denied*, 439 U.S. 1050, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978).

We disagree with the Court of Appeals' conclusion that the trial court exceeded its discretion in limiting the scope of defendant's cross-examination of Linda Dils. The Court of Appeals' opinion begins and ends its analysis with the conclusion that a reasonable degree of probability existed that Dils would falsify her testimony. From reading the opinion it is impossible to discern why the Court of Appeals believes its conclusion is so clearly correct. We believe the trial court was well within its discretion in finding that there was no, or at best remote, nexus connecting the excluded evidence and the conclusion of bias. Significantly, there is no indication in the record that murder charges were pending or even contemplated against either Crumpton or Dils. Testimony from the coroner at the hearing on the state's mo-

tion *in limine* revealed that the cause of Edward Dils's death was a drug overdose and that it was probably self-induced. The deceased was known to have abused drugs. In the face of this evidence defendant maintained at the hearing that if he were permitted to call three witnesses to testify, they would relate to the court that Crumpton told them about him and Dils killing Edward Dils. Here, the trial court had discretion to weigh the possible prejudice which might ensue from opening up collateral matters in circumstances where there was arguably insufficient nexus to bias on Dils's part. Even if we assume Edward Dils was murdered and that Crumpton and Dils were involved, it seems unlikely that Dils would reasonably expect Crumpton to incriminate himself by implicating her. The trial court exercised reasonable discretion in confining defendant's cross-examination so as not to divert the trial to an extraneous issue.

We also believe the trial court had the discretion to exclude evidence of an alleged supplier-user drug relationship between Crumpton and Dils. The trial court could well have concluded that such evidence was potentially prejudicial and that the suggestion of bias was too remote. There seems to be no reasonable probability that Dils would falsify her testimony to get Crumpton back on the streets in order to maintain her drug supply. Dils was obviously aware that despite the state's decision to drop several charges against Crumpton, he still faced two concurrent ten-year sentences for two unrelated armed robberies. Dils therefore could not have seriously entertained the notion that Crumpton would be free anytime soon to supply her alleged drug addiction.

We conclude that defendant's suggestion of bias in the instant case is arguably too attenuated to be reasonably probable and that the trial court did not exceed its discretion in restricting defendant's cross-examination.

We note that defendant on appeal also challenged the sufficiency of the evidence to sustain a verdict of guilty. However, the Court of Appeals never reached that issue because of its resolution of the issue which we reversed above. It thus becomes necessary for this Court to address defendant's claim that the evidence is insufficient to sustain the conviction.

Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge credibility of witnesses. *Gatewood v. State*, (1982) Ind., 430 N.E.2d 781.

Viewed from the perspective of proper appellate review, it is clear the evidence is sufficient to support the conviction. Both Crumpton and Dils testified about the agreement between Crumpton and defendant to rob Alden Williams of $6,000, an amount which defendant knew Williams would have in his possession at the time when the robbery was to occur. Crumpton further testified that defendant gave him a gun to facilitate the robbery. Dils, in her testimony, also said she saw defendant give a loaded gun to Crumpton. This evidence is sufficient to establish an agreement and an overt act, both of which are necessary to establish a conspiracy. *Taylor v. State*, (1981) Ind., 425 N.E.2d 141. Defendant's allusions to certain alleged contradictions in the testimony of Crumpton and Dils and their motives to testify are nothing more than an invitation for us to reweigh the evidence and judge the credibility of witnesses. This invitation we must decline.

For the foregoing reasons, the Court of Appeals' opinion and decision are hereby vacated and the trial court's judgment is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.