John J. KNISLEY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–484A115.

Court of Appeals of Indiana,
Fourth District.

Feb. 13, 1985.
Rehearing Denied March 22, 1985.

Douglas O. Beerbower, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Appellant John J. Knisley (John) appeals his jury conviction in the Allen Superior Court for child molesting, a class B felony under IND.CODE 35–42–4–3(a).

Affirmed.

ISSUES

Knisley presents three issues for our review:

1. Did the admission of testimony as to Knisley's sexual relationships with T.L. and F.H. violate IND.CODE 35–37–4–4?

2. Was the admission of testimony as to Knisley's sexual relationships with T.L. and F.H. outside the scope of proper cross-examination and rebuttal?

3. Was the evidence at trial sufficient to support Knisley's conviction of child molesting, a class B felony?

FACTS

In August 1981, 9-year-old E.L. came to live with Rita Knisley (Mrs. Knisley), her grandmother, and John Knisley, her step grandfather. Two or three months after E.L. moved in with the Knisleys, John began tickling E.L. around her breast area, outside her clothing. Two or three months after the tickling started the Knisleys told E.L. she had to learn to grow up, she could be in their bedroom when they were unclothed so they could teach her about sex.

After a month or two of demonstrations, John had intercourse with E.L. There were ten or eleven such incidents after which John gave E.L. money. Knisley told E.L. not to say anything about the incidents because he would go to jail if she did.

E.L.'s aunts T.L. and F.H., both of whom previously had been molested while living at home with John, questioned her about being molested. After questioning E.L., T.L. and F.H. made allegations against John to Pat Knox, a caseworker for Child Protective Services of Ft. Wayne.

Pat Knox and officer Gerri Smith of the Juvenile Division, Allen County Police Department, investigated the matter. Then charges were filed and this case ensued. At trial, John, on direct, testified he had not had sexual relations with E.L. On cross-examination John admitted to sexual relations with T.L. but denied relations with F.H. On rebuttal the trial court allowed testimony by F.H. but precluded testimony by T.L. John was convicted of class B felony child molesting, and was committed to the Indiana Department of Corrections for eight years.

DISCUSSION AND DECISION

*I. Testimony of Knisley's Past Sexual Relationships Not Violative of IC 35–37–4–4*

◼ Knisley first contends admission of evidence of his sexual history with T.L. and F.H. was reversible error, claiming IC 35–

37-4-4 prohibits such evidence in a sex crime trial. We disagree.

Commonly referred to as the Rape Shield statute, IC 35-37-4-4 provides in pertinent part:

Sec. 4. (a) In a prosecution for a sex crime as defined in IC 35-42-2:

(1) evidence of the victim's past sexual conduct;

(2) evidence of the past sexual conduct of a witness other than the accused;

. . . . .

(4) opinion evidence of the past sexual conduct of a witness other than the accused;

. . . . .

(6) reputation evidence of the past sexual conduct of a witness other than the accused;

may not be admitted, nor may reference be made to this evidence in the presence of the jury, except as provided in this chapter. . . .

Knisley himself is not protected from having his past sexual history divulged since the statute clearly excludes the accused from its protection, *cf.* IC 35-37-4-4(a)(2) above. Knisley, however, argues his history is intertwined with that of T.L. and F.H. Thus, he opines, introduction of his history is also introduction of their history; because they were witnesses, their sexual history is excluded by the statute.

As to T.L., Knisley's contention is without merit. IC 35-37-4-4 restricts testimony only of the past sexual history of the victim or witnesses other than the accused. Since T.L. was neither the victim in this action nor did she testify as a witness, the statute clearly does not apply to her.

As to F.H., Knisley's interpretation of this statute would violate legislative intent in this area. This statute was designed to protect witnesses as well as victims, not to provide a defense for the accused. *Forrester v. State,* (1982) Ind., 440 N.E.2d 475, 479; *Skaggs v. State,* (1982) Ind.App., 438 N.E.2d 301, 306. Here, the testimony of F.H. concerned her sexual experiences with the accused. The intent of the Rape Shield statute is to protect those who testify on some matter in such cases from having their entire sexual history exposed to the jury as an impeachment tool. When permitted in the past, the real focus of the trial became diffused as the trial's emphasis shifted from the accused's sexual conduct to that of the victim or a witness. Limitation of this diffusion is the purpose of the Rape Shield statute. *Skaggs,* 438 N.E.2d at 306.

F.H.'s testimony as to Knisley's past sexual conduct was not prohibited by IC 35-37-4-4.

## II. Testimony as to Knisley's Sexual Relations with T.L. and F.H. within the Permissible Scope of Cross-Examination and Rebuttal

■ Knisley next contends the testimony regarding his sexual relationship with T.L. and F.H. was outside the scope of proper cross-examination and rebuttal. We disagree.

During its case-in-chief, the State presented no evidence of Knisley's prior sexual acts with T.L. and F.H. However, during direct examination of Knisley by defense counsel, Knisley stated he had not committed the crime charged. During cross-examination, the prosecutor asked Knisley if he had committed similar acts with T.L. and F.H. After defense counsel's objection the question was beyond the scope of cross-examination was overruled, Knisley admitted to prior sexual relations with T.L. but denied prior relations with F.H. Also, during the State's rebuttal, F.H. testified Knisley raped her when she was 17. Her testimony unquestionably would have been admissible in the State's case-in-chief under the depraved sexual instinct rule. *See Jarrett v. State,* (1984) Ind., 465 N.E.2d 1097; *Lawrence v. State,* (1984) Ind., 464 N.E.2d 923.

■ While we consistently have held evidence of other criminal activity is inadmissible, except where it may be used to prove intent, motive, purpose, identity, or common scheme or plan, our supreme court has

carved out an exception thereto in sex crime cases to those acts showing a "depraved sexual instinct." *Jarrett*, 465 N.E.2d at 1100; *Caccavallo v. State*, (1982) Ind., 436 N.E.2d 775, 776; *Grey v. State*, (1980) 273 Ind. 439, 446, 404 N.E.2d 1348, 1353. Such acts need not be identical to the crime charged. It is sufficient if a similar instinct is demonstrated. *Jarrett*, 465 N.E.2d at 1100; *see also, Lawrence*, 464 N.E.2d 923. Evidence of the commission of separate sex crimes, such as child molesting, rape, incest, and homosexual acts, even when not reduced to convictions, has been held relevant and probative under this rule. *See, Jarrett*, 465 N.E.2d at 1099; *Lawrence*, 464 N.E.2d at 924; *Grey*, 273 Ind. at 446, 404 N.E.2d at 1352.

 T.L., although over the age of consent, was involved in an incestuous relationship with Knisley. This demonstrates a depraved sexual instinct. *Grey, supra*, 273 Ind. at 446, 404 N.E.2d at 1353. F.H., although over the age of consent and not of any relationship to Knisley at the time, testified Knisley raped her. Evidence of rape also demonstrates a depraved sexual instinct, and is relevant to establish the crime of child molesting.[1] *Lawrence, supra*, 464 N.E.2d at 924.

Knisley further argues defense counsel asked no questions in direct examination about Knisley's sexual acts with T.L. or F.H. Thus, he claims, evidence of these acts was not admissible for the first time in cross-examination and rebuttal, regardless of whether the evidence would have been admissible in the State's case-in-chief.

 If he takes the witness stand in his own defense, the defendant becomes subject to all the rules that govern the permissible scope of cross-examination. *Lambert v. State*, (1983) Ind., 448 N.E.2d 288, 291; *Pearish v. State*, (1976) 264 Ind. 339, 345, 344 N.E.2d 296, 299; *Sears v. State*, (1972)

258 Ind. 561, 563, 282 N.E.2d 807, 808. The scope of cross-examination lies within the sound discretion of the trial court and will be reversed only for an abuse thereof. *Blankenship v. State*, (1984) Ind., 462 N.E.2d 1311, 1313; *Moritz v. State*, (1984) Ind.App., 465 N.E.2d 748, 754; *McKinley v. State*, (1984) Ind.App., 465 N.E.2d 742, 746. Cross-examination is permissible as to all stages of the subject matter covered in direct examination, including any matter which tends to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness. *Lambert*, 448 N.E.2d at 292; *Dean v. State*, (1980) 272 Ind. 446, 449, 398 N.E.2d 1270, 1272. The trial judge is vested with broad discretion to determine whether questions posed or evidence offered on cross-examination is relevant to the subject matter presented on direct. *U.S. v. Ellison*, (7th Cir.1977) 557 F.2d 128, 135, *cert. denied* 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450.

In direct examination defense counsel asked Knisley if he had fondled, molested, or ever engaged in sexual intercourse with E.L. Knisley denied ever having done so. By that question and its response on direct examination, Knisley opened the door to cross-examination not only as to his sexual relations with the victim, but also as to any phase of his sexual experiences which became relevant evidence under the crime charged.

Knisley, on direct, denied any sexual relations with the victim. Under the depraved sexual instinct rule, past sexual acts showing a depraved sexual instinct are relevant, probative evidence of child molesting. We therefore conclude the trial court did not abuse its discretion by permitting this cross-examination to impeach Knisley's testimony he did not molest E.L., the victim.

Our supreme court, in an appeal from a conviction for sodomy, likewise allowed in-

---

1. Knisley further claimed F.H.'s testimony lacked probative value as there was no proof he actually raped her, citing *Howell v. State*, (1980) 274 Ind. 490, 413 N.E.2d 225. In *Howell*, however, the evidence introduced showed only Howell admitted to having been *accused* of pri-

or acts. There was no admission he had done the acts nor was there testimony from anyone he committed the acts. Here the threshold is met because of F.H.'s direct testimony Knisley raped her.

troduction of evidence of previous deviate acts during rebuttal after the defendant had denied committing the charged act. *Lamar v. State*, (1964) 245 Ind. 104, 195 N.E.2d 98. Achor, J., speaking for the court, stated by denying the charged act the defendant placed the credibility of the prosecuting witness in question and therefore the evidence regarding other similar sex acts was admissible as tending to support the credibility of the prosecuting witness. *Id.*, 245 Ind. at 109, 195 N.E.2d at 101.

Since its holding in *Lamar*, our supreme court has recognized and developed the depraved sexual instinct rule allowing the introduction of past depraved acts of the defendant to prove he committed the act charged. Therefore, *Lamar* also supports our holding here although on a different theory.

■ This holding, however, should not be construed as abandoning the general rule only reputation evidence and specific convictions involving infamous crimes, dishonesty, or false statements may be used to impeach a witness's credibility. Rather, we hold in sex crime trials, it is proper to impeach or rebut the testimony of a defendant who denies the crime by cross-examining him as to past acts which establish his depraved sexual instinct. Evidence demonstrating a depraved sexual instinct then becomes admissible also as rebuttal evidence, even though not offered during the State's case-in-chief.

### III. Evidence Sufficient for Conviction

■ Finally, Knisley maintains the evidence at trial was insufficient to support his conviction.[2] Knisley concedes the age of the victim was under 12, but contends the element of performing or submitting to sexual intercourse or deviate sexual conduct was not proven. More specifically, Knisley contends there was insufficient evidence of penetration. We disagree.

When reviewing sufficiency questions we neither reweigh the evidence nor judge the credibility of witnesses. We examine the evidence in a light most favorable to the State and all reasonable inferences to be drawn therefrom. We affirm if there is substantial evidence of probative value on each element of the crime charged. *Hossman v. State*, (1984) Ind., 467 N.E.2d 416, 418; *Kalady v. State*, (1984) Ind., 462 N.E.2d 1299, 1303; *Killian v. State*, (1984) Ind.App., 467 N.E.2d 1265, 1269.

Knisley acknowledges the uncorroborated testimony of a complaining witness is sufficient to sustain a conviction and the victim testified to an act of penetration. This is fatal to his contention. If, as Knisley notes, the victim testified to penetration and the victim's testimony, even if uncorroborated, is sufficient to sustain the conviction (as acknowledged by Knisley), then there is nothing left for our review.

■ E.L. testified Knisley would take her into the bedroom and have her take off her pants and lay on the bed with her knees pointing toward the ceiling. He would then pull down his pants, get on top of her and place his "monkey" inside her. On a set of dolls, E.L. described the part of the body Knisley called a "monkey"; it was the penis of the male doll and the vagina of the female doll. As Knisley concedes, the uncorroborated testimony of the complaining witness, even when such witness is a minor, is sufficient to sustain a conviction for child molesting. *Morrison v. State*, (1984) Ind., 462 N.E.2d 78, 79; *Finchum v. State*, (1984) Ind.App., 463 N.E.2d 304, 307; *Newton v. State*, (1983) Ind.App., 456 N.E.2d 736, 745. Although Knisley goes on to argue alleged contradictions in E.L.'s testimony, such argument invites us to reweigh the evidence and judge the credibility of the witness. We decline the invitation.

Affirmed.

---

**2.** IC 35–42–4–3 provides, in pertinent part:
Sec. 3. (a) A person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B Felony. . . .

MILLER, P.J., concurs.

YOUNG, J., dissents with opinion.

YOUNG, Judge, dissenting.

I dissent. The depraved sexual instinct rule merely makes evidence of past deviate sexual acts relevant to prove the charged crime. It does not alter the well-established rule that cross-examination must be limited to the scope of the witness' direct testimony. *See, e.g., Lambert v. State* (1983), Ind., 448 N.E.2d 288; *Ingram v. State* (1981), Ind., 426 N.E.2d 18; *Dean v. State* (1980), 272 Ind. 446, 398 N.E.2d 1270. Therefore, although questions regarding Knisley's sexual acts with F.H. and T.L. were relevant, they were not within the scope of his direct testimony and should not have been allowed.

The majority believes that by denying he molested the victim, Knisley opened his entire relevant sexual history for cross-examination. I cannot agree. Although one of the main purposes of cross-examination is to elicit additional facts from the witness, those facts must be related to the witness's direct testimony. *See* McCORMICK, EVIDENCE § 29 (2d ed. 1972). Knisley's sexual activities with F.H. and T.L. were not related to his alleged molestation of the victim. Furthermore, he made no statement on direct examination that could be interpreted as opening the door to those subjects.

The state was entitled to prove Knisley's alleged depravity through the testimony of F.H. and T.L.[1] The depraved sexual instinct rule allows such evidence in order to bolster the credibility of the prosecuting witness in a sex crime case, whose testimony standing alone may seem unnatural or improbable. *See Lamar v. State* (1964), 245 Ind. 104, 195 N.E.2d 98. The rule does not, however, allow the state to inquire into the accused's past deviate acts on cross-examination unless the accused himself opens the door to the subject by his direct testi-

mony. Merely denying he committed the instant crime does not automatically allow inquiry into the accused's entire relevant sexual history.

I believe the trial court abused its discretion by requiring Knisley to answer questions regarding F.H. and T.L. over his objection. I further believe that cross-examination of the accused on the subject matter of past deviate acts is reversible error when such questioning is beyond the scope of his direct testimony. I would, therefore, reverse and remand this cause for a new trial.

---

1. Their testimony properly belonged in the state's case-in-chief, not in rebuttal. Our supreme court has held that such a procedural irregularity is not harmful error as long as the accused is given the opportunity for surrebuttal. *Lamar v. State* (1964), 245 Ind. 104, 195 N.E.2d 98.