**Delbert Lee SMITH, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 48S00–8805–CR–447.

Supreme Court of Indiana.

May 4, 1989.

William D. McCarty, Anderson, for appellant.

Linley E. Pearson, Atty. Gen. and Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant being found guilty of Criminal Deviate Conduct, a Class B felony, for which he received a sentence of twenty (20) years, and Child Molesting, a Class B felony, for which he also received a sentence of twenty (20) years, the sentences to run consecutively.

The facts are: From August 18, 1978 until August 15, 1986, appellant was married to the mother of the victims in this case. Each child testified that over a period of time appellant had molested them by caressing their vaginal area and committing cunnilingus upon them.

Appellant claims the trial court erred in denying a mistrial when the first child to testify referred to a lie detector test. On direct examination, the State asked the question: "And once you saw Detective Koons, can you tell us what happened there at the police department? Answer: "He gave me a lie detector test." At that point, the trial court excused the jury and defense counsel made a motion for a mistrial, correctly stating: "The jury now knows that we are here because she passed the lie detector test. There is no way we can deal with that. And a mistrial is the only remedy which will cure this harm."

While conceding that the incident was unfortunate, the trial judge attempted to cure the error by instructing the jury to disregard the statement. Had this matter ended there, we possibly could have ruled there was harmless error, especially in view of the strong testimony of the two complaining witnesses.

However, on the afternoon of that same day, when the second child was placed upon the witness stand, the State, on direct examination, asked the following question: "And after you gave the statement did Mr. Koons ask you to come back to the police station for any other reason?" Answer: "Yes." Question: "Okay, what was the purpose for that second meeting R.?" Answer: "To take a test." At that point, the

trial judge understandably demonstrated his frustration by stating: "Oh, for Pete's sake." Defense counsel then again made a motion for mistrial for the same reason stated in the previous occurrence.

 We not only have sympathy for the trial judge's frustration as to the repeated error, we also understand his reluctance to place two children through another trial under such stressful circumstances. As so aptly put by the Ninth Circuit Court of Appeals in *Thomas v. United States* (9th Cir.1966), 363 F.2d. 159, these references to the lie detector test constituted the "traditional ringing of a bell that could not be unrung." *Id.* at 165. Although the reference by the first child might be passed off as one of those unfortunate things that can happen in a trial, the second reference was utterly inexcusable.

 Appellant also claims the evidence is insufficient to support his convictions. He strenuously argues that the testimony of the two victims was incredible and not worthy of belief; such was a question, however, for the jury. We have stated on many occasions that the uncorroborated testimony of a prosecuting witness, even when such a witness is a minor, is sufficient to sustain a conviction for child molesting. *Morrison v. State* (1984), Ind., 462 N.E.2d 78. This Court will not invade the province of the jury and attempt to pass upon the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. The evidence in this case was ample to sustain the verdict of the jury.

However, because of the error in refusing to grant a new trial, this cause is reversed and remanded to the trial court for a new trial.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.