962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rodney A. DEAN, Petitioner/Appellant,
v.
Richard CLARK and Indiana Attorney General, Respondents/Appellees.
 No. 91-1496.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
Decided May 11, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 A jury found pro se petitioner, Rodney Dean, guilty of rape, criminal deviate conduct, attempted criminal deviate conduct, and confinement. Dean appealed his conviction directly to the Indiana Supreme Court, which affirmed his conviction. Dean v. State, 272 Ind. 446, 398 N.E.2d 1270 (1980). Dean's petition for post-conviction relief resulted in denial, which was affirmed on appeal; the Indiana Supreme Court denied transfer. Throughout all of the proceedings, Dean maintained his innocence, arguing that the alleged rape victim consented to have sexual relations with him.
 
 
 2
 Dean petitioned the federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied his petition. On appeal, Dean claims that he was denied 1) a fundamentally fair trial by the admission into evidence of the results of his polygraph examination; 2) due process by the trial court's compelling the victim's sister to testify at trial; and 3) effective assistance of counsel.
 
 
 3
 Between his first and second trials,[1] Dean's request for a polygraph examination for himself and the alleged rape victim was granted. Both he and the State signed a stipulation agreement before the test was administered, waiving any objection to the admissibility of the results. The polygraph examiner concluded that Dean was not telling the truth about the sexual relations he had with the alleged rape victim and that the alleged rape victim was telling the truth. Dean now claims that the test was improperly administered and that the trial judge abused his discretion by admitting the polygraph evidence because the polygraph test was not administered in the manner anticipated by Owens v. State, 176 Ind.App. 1, 3-4, 373 N.E.2d 913, 915 (1978).
 
 
 4
 "Federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 60 U.S.L.W. 4015, 4017 (1991). "Violations of state evidentiary rules 'may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.' " Escobar v. O'Leary, 943 F.2d 711, 720 (7th Cir.1991) (citation omitted).
 
 
 5
 Dean freely entered into the stipulation agreement. At trial, counsel had ample opportunity to cross-examine the polygraph examiner and could have questioned him regarding the pre-test procedures and the influence of drugs or withdrawal on the reliability of the test. Dean has not established that his trial was fundamentally unfair because of the admission of the polygraph evidence or the testing procedures.
 
 
 6
 Dean's next argument is that the trial court "coerced" his girlfriend, who was also the sister of the alleged rape victim, to testify on his behalf as a hostile witness. Dean argues that her testimony resulted in the admission of extremely prejudicial evidence because on cross-examination, over Dean's objection, she testified that Dean had tried to use the same knife on her that was allegedly used to threaten the alleged rape victim.[2] Dean's counsel testified at the post-conviction hearing that he could not specifically recall why this witness was called, but recalled that Dean thought she would be a beneficial witness since she had also testified at his first trial. Dean has not established either that the court "coerced" this witness to testify or that he was denied due process by the state court's evidentiary decision to admit the evidence.
 
 
 7
 Finally, Dean alleges that counsel, who represented him at trial and on appeal, rendered ineffective assistance, citing four instances, none of which individually or cumulatively overcomes the strong presumption that counsel rendered reasonably effective assistance under the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 689 (1984), under which a defendant must show that 1) counsel's advice "fell below an objective standard of reasonableness" and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688 and 694.
 
 
 8
 The first error that Dean assigns to counsel was that he failed to object to the declaration of a mistrial after his first trial. Dean cannot show prejudice because a trial judge may declare a mistrial, even over a defendant's objections, where, as here, an impartial verdict cannot be reached. United States v. Andrews, 895 F.2d 406, 409 (7th Cir.1990). Second, Dean complains that counsel should not have called the rape victim's sister to testify even though she was called as Dean's witness at his first trial. A decision to call witnesses is a matter of trial strategy that should not be second-guessed by the courts. Strickland, 466 U.S. at 690-91; Weber v. Israel, 730 F.2d 499, 508 n. 7 (7th Cir.1984) (the decision regarding which witnesses to call is a tactical one within the province of the lawyer after consultation with the client). Next, regarding the polygraph examination, Dean alleges that counsel failed to supervise the examination and to ensure its proper performance. Failure to supervise the performance of a polygraph examination does not amount to ineffective assistance of counsel. Instead, at trial counsel objected to the admission of the polygraph results and cross-examined the polygraph examiner. The fact that counsel did not cross-examine the polygraph examiner regarding the effect of drugs on the exam or regarding the pre-exam procedures does not render the totality of his representation ineffective. Finally, Dean contends that counsel rendered ineffective assistance by failing "to rebut" the allegation of a prior rape which appeared in the pre-sentence report. During the sentencing hearing, the court invited Dean to comment on counsel's representation and permitted him to respond to the presentence report on the record. Dean told the court that he was not satisfied with counsel's representation, pointed to certain alleged errors in the presentence report, but did not object to the allegation of the prior rape. In any event, the allegation of a prior rape was only one of a number of aggravating circumstances that the sentencing judge considered in enhancing Dean's sentences on each count. Dean, 272 Ind. at 251, 398 N.E.2d at 1272. Thus, if there were any errors, they were not of a constitutional dimension.
 
 
 9
 For all of the above reasons, the district court's denial of a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 His first trial resulted in a mistrial due to a hung jury
 
 
 [2]
 On direct examination, counsel had questioned her regarding the knife. On cross-examination, the prosecutor asked her if she had even seen Dean use that knife "for anything besides cutting tobacco." Dean, 272 Ind. at 449, 398 N.E.2d at 1272