**Leonard McQUAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8712–CR–1143.**

Supreme Court of Indiana.

Feb. 14, 1991.

Albert Marshall, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

KRAHULIK, Justice.

Defendant–Appellant Leonard McQuay was convicted after a jury trial of Rape and Unlawful Deviate Conduct, both Class A felonies. The trial court then sentenced McQuay to twenty (20) years. McQuay raises two issues in a direct appeal to this Court:

1. Whether the prosecutor's use of peremptory challenges during voir dire violated the Equal Protection Clause of the Fourteenth Amendment; and

2. Whether the trial court's limitation on defense counsel's cross-examination of the victim violated the Sixth Amendment's right of confrontation.

The evidence most favorable to the verdict shows that the victim attended a party in Gary on April 12, 1986. She was then forced, at gunpoint, to leave the party with Marlon Rogers and McQuay. They drove to another house in Gary and were joined

by Tyrone Shepard. The three men then forced the victim to go to the basement of the house. After being punched in the face and having her clothes removed, the victim was forced to perform fellatio on all three men and was then raped by McQuay and Shepard. At one point the gun was pointed at the victim's head. McQuay and Shepard then walked her outside and left her a short distance from the house. After she flagged down a police officer, she showed him the house where the incident occurred. McQuay was later arrested.

### I. *Peremptory Challenges*

█ McQuay claims the State violated the Equal Protection Clause of the Fourteenth Amendment when the prosecutor used his peremptory challenges to exclude four out of six blacks from the jury, citing *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69. After the trial judge excused another potential juror who was black, the jury consisted of eleven whites and one black. McQuay argues this was significant because he is a black man who was charged with committing sex crimes against a white woman.

The record does not contain a transcript of the *voir dire* proceedings and, in fact, the defense counsel consented to the court reporter's absence during *voir dire*. There is nothing in the record to aid us in our analysis of this contention. Without a record of the *voir dire* proceedings, we cannot undertake the analysis specified in *Batson.* Therefore, Appellant has waived any consideration of this issue. *Maxie v. State* (1985), Ind., 481 N.E.2d 1307, 1310.

### II. *Limitation on Cross–Examination of Victim*

█ McQuay argues his right to confront witnesses against him was violated when the trial court limited defense counsel's cross-examination of the victim regarding her relationship with another man, Andre Gandy, who was present at the party. At trial, defense counsel explained that he was trying to attack the victim's credibility because she was understating the extent of her relationship with Gandy. The trial court limited the examination into this matter, finding such evidence to be irrele-vant to the issues. Defense counsel was allowed to proceed to the point of having the victim admit to certain peripheral facts that arguably impeached her credibility. She admitted that during a deposition, she testified that Gandy's name was Andre Smith and that she misstated his address. She also admitted that she had known Gandy for approximately one year before the incident, that he had taken her to the party and that she had gone to Gandy's house the next day to get some clothes even though she said she lived elsewhere.

A defendant's Sixth Amendment right of confrontation requires that he be afforded an opportunity to conduct effective cross-examination of state witnesses in order to test their believability. *Davis v. Alaska* (1974), 415 U.S. 308, 315–18, 94 S.Ct. 1105, 1110–11, 39 L.Ed.2d 347, 353–55; *Coates v. State* (1989), Ind., 534 N.E.2d 1087, 1095. However, this right is subject to reasonable limitations placed at the discretion of the trial judge. *Id.* In *Delaware v. Van Arsdall* (1986), 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674, the United States Supreme Court stated:

> It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.

*Id.* at 679, 106 S.Ct. at 1435, 89 L.Ed.2d at 683. In McQuay's case, further inquiry into the nature of the victim's relationship with Gandy was irrelevant. In our opinion, defense counsel already had been given a sufficient opportunity to impeach the victim by pointing out inconsistencies between her testimony at the deposition and at the trial. No error was committed in not al-

lowing the inquiry into such extraneous matters to proceed further.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ. concur.