**Leonard PIGG, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 34S02–9211–CR–924.**

Supreme Court of Indiana.

Nov. 23, 1992.

Mark A. Ryan, Williams & Ryan, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

The State seeks transfer after the Court of Appeals granted Leonard Pigg, Jr., (Defendant–Appellant below) a new trial because he was not permitted to obtain the address of a State's witness during cross examination. *Pigg v. State* (1992), Ind. App., 591 N.E.2d 582.

The relevant facts are as follows. James Darden agreed to work as a paid confidential informant for the Kokomo Police Department in exchange for a plea agreement following his arrest for certain crimes. Working with the police, Darden allegedly made controlled purchases of cocaine from Pigg on December 12, 1988, and April 13, 1989. Thereafter, charges were filed against Pigg. At trial, Darden was called as a witness by the State. During cross-examination of Darden, Pigg's counsel sought to obtain Darden's current address. After Darden began to answer the question, the State objected on the grounds that Darden's address was irrelevant. Defense counsel argued that he was entitled to the information as a starting point for investigating what information might be available for impeachment. The State responded that Darden had worked as a confidential informant, his residence was irrelevant, and that Pigg had had the opportunity to depose Darden or seek whatever information was needed before trial. Without any further proceedings, the court sustained the State's objection. Following the jury trial, Pigg was convicted of two counts of Dealing in Cocaine, *Ind. Code* § 35–48–4–1, class A felonies, and two counts of Maintaining a Common Nuisance, *Ind. Code* § 35–48–4–13, class D felonies.

Pigg appealed, in part on the grounds that his Sixth Amendment right to cross-examination had been infringed by his inability to question Darden about his residential address. Relying on *Smith v. Illinois* (1968), 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956, and *Crull v. State* (1989), Ind., 540 N.E.2d 1195, the Court of Appeals held that because the State failed to show why the information sought would not be relevant and because reversible error flows directly from the refusal to allow such an inquiry without the appropriate showing, Pigg was entitled to a new trial.

In its petition to transfer, the State argues that the opinion of the Court of Appeals conflicts with two earlier decisions of this Court, *Johnson v. State* (1988), Ind., 518 N.E.2d 1073, and *Corbin v. State* (1990), Ind., 563 N.E.2d 86. The State asserts that *Johnson* and *Corbin* stand for the proposition that, under all circumstances, the burden is on the defendant to show how he was prejudiced from the trial court's restriction of cross-examination. Even though we believe that *Johnson* and *Corbin* are factually distinguishable from *Crull* and the instant case, we grant transfer to resolve any perceived inconsistencies. In so doing, we affirm the grant of a new trial to Pigg.

■ We start with the basic proposition that one of the fundamental rights of our criminal justice system granted by the United States Constitution and the Indiana Constitution is the right of a defendant to cross-examination. *Sears v. State* (1972), 258 Ind. 561, 563, 282 N.E.2d 807, 808. Although it is true, as a general rule, that the extent of cross-examination is committed to the sound discretion of the trial court, "wide latitude is allowed both sides in a dispute to ask pointed and relevant questions on cross-examination in an attempt to undermine the opposition's case." *Id.* Any doubt as to the legitimacy of a question on cross-examination should be resolved in favor of the questioner. *Id.*

The United States Supreme Court and this Court have recognized that asking a witness for his address is among the legitimate questions for cross-examination. *Smith v. Illinois*, 390 U.S. at 131, 88 S.Ct. at 750, 19 L.Ed.2d at 959; *Alford v. United States* (1931), 282 U.S. 687, 691, 51 S.Ct.

218, 219, 75 L.Ed. 624, 627; *Crull v. State,* 540 N.E.2d at 1198. As the Court in *Smith* stated, "[t]he witness' name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself." 390 U.S. at 131, 88 S.Ct. at 750, 19 L.Ed.2d at 959. Additionally, as this Court stated in *Jackson v. State* (1989), Ind., 544 N.E.2d 853, 855, "[w]hile a trial judge has discretion to determine the scope of cross-examination and only clear abuse of that discretion is reversible, it is well established that a Sixth Amendment issue is raised when the trial court prohibits defense counsel from cross-examining altogether a crucial witness for the State on an area concerning his credibility."

The State claims, however, that two other cases of this Court, *Johnson,* 518 N.E.2d 1073, and *Corbin,* 563 N.E.2d 86, require us to hold that, even if it were error for the trial court to have sustained the objection, Pigg is not entitled to a new trial because he has not demonstrated how he was prejudiced by the evidentiary ruling. We do not agree.

*Johnson* and *Corbin* are factually distinguishable from the instant case. In *Johnson,* defendant sought a new trial because he was not permitted to elicit from a State's witness the witness's exact address. Following an *in camera* hearing, the trial court found that a reasonable fear existed that disclosure of the witness's home address would endanger his safety. The trial court ordered the defense to limit cross-examination to the witness's region of residence. Under these circumstances, we held that the trial court did not abuse its discretion by restricting cross-examination. By comparison, here, there was no *in camera* hearing and, therefore, no basis upon which the trial court could have concluded that Darden's fears were reasonable.

In *Corbin,* this Court found no reversible error where, even in the absence of an *in camera* hearing, the trial court ruled that a witness's testifying to the city of his current residence, without giving the complete street address, was adequate. However, the witness's testimony was not crucial because it was merely consistent with that of others who testified regarding prior instances of threats made by the defendant to the victim. By comparison, here, Darden was the only witness to the alleged controlled buys. He was the only witness with first-hand knowledge of the alleged sales of cocaine who could testify that the sales took place.

Thus, contrary to the contentions of the State, we are not compelled to use the rule, applied in *Johnson* and *Corbin,* that to show an abuse of discretion the defendant must demonstrate how he was prejudiced by the court's actions. Although that rule may have been applicable to the fact situations in *Johnson* and *Corbin,* it does not apply here where the State's informant was the only witness to the critical acts and supplied testimony without which Pigg could not have been convicted.

For this situation, *Crull v. State,* 540 N.E.2d 1195, provides the better rule. In *Crull,* a paid informant was the only witness to the defendant's sales of cocaine. On cross-examination at trial, the informant was asked his current residence. The informant refused to answer and the State objected to the questioning, claiming that the informant did not wish to disclose his exact address because he was frightened. Outside the hearing of the jury, the trial court heard arguments regarding the disputed questions. The witness claimed that he had been advised of threats against him and that answering such questions would jeopardize his safety. The trial court refused defendant's offer to conduct a hearing on whether actual threats existed, and ruled that the information sought was so tangential that there was no reason to permit defense counsel to ask the questions. This Court reversed, and held that the trial court erred in restricting the cross-examination of the informant because (1) the informant's uncorroborated testimony was the evidence upon which the conviction was based and, therefore, the informant's credibility was very much an issue, (2) there was no finding that the informant had any reason other than speculation to be fearful,

and (3) because the requested information was not divulged to the trial court, the court was unable to make an informed judgment. Defendant was granted a new trial. In *Crull*, this Court noted with approval *Smith v. Illinois*, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956, in which the United States Supreme Court found that in the absence of waiver on the part of the accused, the denial of his right to cross-examine the witnesses against him is a constitutional error which no amount of showing of want of prejudice can cure. 540 N.E.2d at 1198.

 Consistent with these precedents, we hold here that Pigg is presumptively entitled to cross-examine a witness concerning such matters as the witness's address. The right is not absolute however. There may be good reason for preventing this line of inquiry on cross-examination such as a reasonable fear that the witness would be in danger. A determination of whether such information must be disclosed in the face of a relevancy objection should be made by the trial court after an *in camera* hearing, thus enabling the court to have available to it information upon which to make a meaningful decision. We review those decisions for an abuse of discretion, and the burden is on the party seeking the information to prove an abuse. During the *in camera* hearing, the information requested must be made known which would give defendant the information necessary to show prejudice from an abuse of the discretion. Where, as here, there has been no *in camera* hearing, there is no way for the court to rationally decide whether there is some reason why otherwise relevant information should not be divulged and, in such a case, prejudice is presumed. Accordingly, we conclude that Pigg is entitled to a new trial.

The Court of Appeals also addressed Pigg's argument that the trial judge should have granted his motion for change of judge. We have considered the arguments on this issue, as set forth in Pigg's cross-petition to transfer, that the Court of Appeals failed to fully consider all the facts and circumstances. We conclude that the Court of Appeals properly decided that issue against Pigg. Therefore, we adopt and incorporate by reference that portion of the opinion of the Court of Appeals. The remaining errors raised by Pigg in his cross-petition need not be considered in view of our grant of a new trial.

### CONCLUSION

We now grant transfer, adopt the opinion of the Court of Appeals as indicated, reverse the trial court, and remand this case for a new trial.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.