**Cecil JENKINS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–9905–CR–291.

Supreme Court of Indiana.

June 1, 2000.

Janice L. Stevens, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Cecil Jenkins was convicted of rape, criminal deviate conduct, criminal confinement, and of being a habitual offender. He was sentenced to fifty years for rape enhanced by thirty years for being a habitual offender, and to a consecutive three-year term for criminal confinement. He was also sentenced to a concurrent term of fifty years for criminal deviate conduct. In this direct appeal, Jenkins contends that the trial court abused its discretion by limiting his cross-examination of the victim regarding her drug use. We affirm the judgment of the trial court.

### Factual and Procedural Background

On March 20, 1998, R.C. went to meet her brother at a bar in Indianapolis. After failing to find him, she started toward the home of a friend on Washington Street. While she was stopped at a traffic light, Jenkins entered her car, placed an object that she thought was a gun to her neck, and directed her to be quiet. Jenkins ordered her to drive to an alley where he pulled out a knife, told her to remove her clothes, threatened to kill her, and then raped her.

Jenkins took money from R.C.'s purse, threw her keys in the backseat of the car, and left. R.C. found her keys, located her brother, and then reported the incident to the police. Several weeks later, police came to R.C.'s house and showed her photographs from which she identified Jenkins.

At trial, R.C. testified to the events as described above. Jenkins testified that the encounter was consensual. He claimed that he had met R.C. earlier when she accompanied a prostitute friend to buy drugs from him. On the night in question, Jenkins said R.C. stopped her car at the corner to buy marijuana from him. According to Jenkins, he entered R.C.'s car; they smoked marijuana and drove around together; she attempted to buy twenty-five dollars of marijuana from him; and they had sexual intercourse. R.C. then dropped Jenkins off without getting the rest of her marijuana. The jury convicted Jenkins of rape, criminal deviate conduct, and criminal confinement. Jenkins then pleaded guilty to the habitual offender enhancement and was sentenced to an aggregate term of eighty-three years imprisonment.

### Right to Cross–Examine

Jenkins claims that he was denied the right of cross-examination when the trial court did not permit him to question R.C. about her drug use before the date of the crime. After Jenkins' testimony, the State called R.C. in rebuttal. R.C. testified that she did not smoke marijuana in her car with Jenkins on the night of the assault and did not have friends who were prostitutes. Jenkins then attempted to cross-examine R.C. concerning prior marijuana use to which she had admitted in a deposition. The trial court ruled that R.C. could be questioned about whether she had smoked marijuana on the night of the rape because it "would have gone to her ability to recall events," but questioning concerning prior marijuana use would not be allowed. Jenkins contends that the only issue at trial was the credibility of Jenkins and R.C. and that the evidence of R.C.'s prior drug use would have diminished R.C.'s credibility and enhanced Jenkins' credibility.[1]

The right to cross-examine witnesses is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Indiana Constitution. It is "one of the fundamental rights of our criminal justice system." *Pigg v. State*, 603 N.E.2d 154, 155 (Ind. 1992). However, this right is subject to reasonable limitations placed at the discretion of the trial judge. *McQuay v. State*, 566 N.E.2d 542, 543 (Ind.1991); *accord Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) ("[T]rial judges retain wide latitude . . . to impose reasonable limits . . . based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.").

---

1. Jenkins further argues that because R.C. had broken the law by using illegal substances, she was more likely to break the law again and perjure herself. A witness' alleged prior drug use does not make her inherently more likely to commit perjury. *See Williams v. State*, 681 N.E.2d 195, 199 (Ind.1997).

Reference to drug use to show a propensity to perjure is also prohibited by the Evidence Rules. *See* Ind. Evidence Rule 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury...." Ind. Evidence Rule 403. This Court has "consistently upheld decisions of trial courts excluding evidence of a witness' past drug use as irrelevant." *Williams v. State*, 681 N.E.2d 195, 199 (Ind.1997) (collecting cases).

In *Williams*, this Court determined that evidence of a rape victim's prior drug use was not relevant and that the trial court did not abuse its discretion in limiting the defendant's cross-examination of such. *Id.* The same is true here. Evidence of R.C.'s prior drug use is not relevant to whether she was raped.[2] If relevant at all to the highly collateral issue of whether she purchased drugs from Jenkins, it is clearly outweighed by the danger of unfair prejudice. The trial court did not abuse its discretion by limiting Jenkins' cross-examination of R.C.'s drug use to her use on the evening of the rape.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and RUCKER, JJ., concur.

---

**2.** Citing *Olden v. Kentucky*, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988), Jenkins argues that when the "victim's credibility is crucial to the State's case and cross-examination on a subject related to the incident is limited, reversal will be required." However, in *Olden*, the trial court did not allow cross-examination of an alleged rape victim concerning her co-habitation, which gave her a possible motive to lie. *Id.* at 230, 109 S.Ct. 480. Evidence of R.C.'s prior marijuana use would not provide a motive to lie, but, as in *Williams*, "was justified solely on the basis of challenging [the victim's] credibility." 681 N.E.2d at 199.