**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RUTH JOHNSON**
Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GERRY LUCAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1210-CR-532 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara C. Crawford, Judge
Cause No. 49G21-1208-CM-054048

**June 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Gerry Lucas was convicted of Class A misdemeanor battery, and the trial court sentenced him to 180 days with 30 days suspended. In this appeal, Lucas contends that the trial court abused its discretion by limiting his cross-examination of the victim regarding the victim's drug use. Finding no error, we affirm the judgment of the trial court.

**Facts and Procedural History**

During the late evening of July 28, 2012, Donald Coakley was approached by a van while walking to the grocery store to buy food. Gerry Lucas and Katy Laymon, the mother of Donald's child, emerged from the van, and a verbal altercation ensued between Lucas and Donald. Once Donald turned to walk away, Lucas hit him with his fist behind Donald's right ear lobe. Donald reported the incident to the police after returning home from the store.

The State charged Lucas with battery.[1] A bench trial ensued. Lucas testified that although he did yell at and insult Donald, he did not hit him. Lucas and Donald had been "pretty good friends" at one point but the friendship deteriorated once Lucas began to date Katy. On cross-examination of Donald, defense counsel asked him if he and Lucas smoked pot together when they had been friends. The State objected based on a lack of relevance and undue prejudice. Lucas argued at trial that he only intended to show the degree of friendship between him and Donald. The court sustained the objection with regard to Donald's use of any illegal substances and struck that portion of the question

---

[1] The State also charged Lucas with two counts of invasion of privacy that were later dropped at the trial.

and the answer. The court explained that Donald was entitled to counsel if he was being asked to admit to any criminal conduct. The trial court found Lucas guilty of Class A misdemeanor battery and sentenced him to 180 days in the Marion County Jail with 30 days suspended.

**Discussion and Decision**

Lucas contends that he was denied the right of cross-examination when the trial court did not permit him to question Donald about his drug use before the date of the crime. Lucas argues that the evidence should have been admitted to "present a complete picture of [Donald]." Appellant's Br. p. 5.

We first note that Lucas has waived this issue because he is making this argument for the first time on appeal. *See Bryant v. State*, 802 N.E.2d 486, 496 (Ind. Ct. App. 2004) (holding that a defendant is limited on appeal to the specific grounds argued to the trial court and that a new argument raised for the first time on appeal is waived). When the State objected at trial to the questioning of Donald's prior drug use, the trial court sustained the objection, to which defense counsel responded, "[T]hat's fair." Tr. p. 23. Waiver notwithstanding, we will address the merits of this issue.

"The right to cross-examine witnesses is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Indiana Constitution. It is 'one of the fundamental rights of our criminal justice system.'" *Jenkins v. State*, 729 N.E.2d 147, 148 (Ind. 2000) (quoting *Pigg v. State*, 603 N.E.2d 154, 155 (Ind. 1992)). However, this right is subject to reasonable limitations placed at the discretion of the trial judge. *McQuay v. State*, 566 N.E.2d 542, 543 (Ind. 1991). "'[T]rial judges retain wide

latitude . . . to impose reasonable limits . . . based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury . . . ." Ind. Evidence Rule 403. The Indiana Supreme Court has "consistently upheld decisions of trial courts excluding evidence of a witness' past drug use as irrelevant." *Williams v. State*, 681 N.E.2d 195, 199 (Ind. 1997) (collecting cases).

After review, we find this case similar to *Jenkins*. In *Jenkins*, the defendant argued that he was denied the right of cross-examination when the trial court did not permit him to question the victim about her drug use before the date of the crime. Our Supreme Court held that evidence of the victim's prior drug use was not relevant to whether she was raped. If relevant at all to the highly collateral issue of whether she purchased drugs from the defendant, the Court found that it was clearly outweighed by the danger of unfair prejudice. Accordingly, the Court found the trial court did not abuse its discretion by limiting the defendant's cross-examination of the victim's drug issue.

The same is true here. Evidence of Donald's prior drug use is not relevant to whether he was battered. If relevant at all to Donald's character or Donald's relationship

with Lucas, it is clearly outweighed by the danger of unfair prejudice. Accordingly, the trial court did not abuse its discretion by limiting Lucas' cross-examination of Donald's drug use.

Affirmed.

KIRSCH, J., and PYLE, J ., concur.